21-0204-cr
*United States v. Mayer*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-two.

PRESENT:
> BARRINGTON D. PARKER,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ
> > *Circuit Judges*.

---

United States of America,

> *Appellee*,

> v.                                                                          21-0204-cr

Alexander Mayer,

> *Defendant-Appellant*.

---

FOR APPELLEE:                       GILLIAN KASSNER, Assistant United States Attorney (Saritha Komatireddy, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:    ROBERT A. CULP, Law Office of Robert A. Culp, Garrison, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** except as to Special Condition 3, and **VACATED** in part and **REMANDED** for further proceedings as pertains to Special Condition 3 only.

Defendant-appellant Alexander Mayer appeals from a judgment entered on January 25, 2021, by the United States District Court for the Eastern District of New York (Cogan, *J.*), following his guilty plea to one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). Mayer was sentenced to 90 months' imprisonment, 10 years' supervised release with various special conditions, and a restitution order in the aggregate amount of $43,000. On appeal, Mayer argues that the district court abused its discretion in both imposing the supervised release term of 10 years and placing certain special conditions on that release—namely, prohibiting his electronic access to legal pornography, instituting mandatory polygraph testing in connection with his participation in treatment for sexual disorders, instituting a reporting requirement to the United States Department of Probation without exempting Jewish holidays (as requested), and prohibiting his use of an internet-connected television. Mayer also contends that the district court plainly erred in ordering payment of $10,000 in restitution for one of the victims.[1] We assume

---

[1] In his initial brief, Mayer additionally argued that his appeal on these challenges is not barred by the appeal waiver in his plea agreement. The government had previously filed a motion to dismiss the appeal on that ground. However, the government later withdrew that motion and now concedes that these challenges are not barred on appeal by the plea agreement.

2

the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I. The Term of Supervised Release

As set forth below, we conclude that the district court adequately explained the reasons for the 10-year supervised release term imposed on Mayer and committed no procedural errors in connection with the imposition of a term of that length in this case. Moreover, we hold that the 10-year term of supervised release was within the permissible range of the district court's broad discretion at sentencing and, therefore, was substantively reasonable.

### A. Procedural Reasonableness

Mayer first challenges the procedural reasonableness of his 10-year term of supervised release. Although the reasonableness of a sentence is typically reviewed "under a deferential abuse-of-discretion standard," *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (internal quotation marks omitted), where, as here, the defendant failed to raise the procedural objection at sentencing, we review such challenges for plain error,[2] *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020).

A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly

---

[2] Under the plain error standard, Mayer bears the burden of showing: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and alterations omitted).

erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Genao*, 869 F.3d 136, 140 (2d Cir. 2017) (internal quotation marks omitted). Though the district court must state in open court its reasons for sentencing in compliance with 18 U.S.C. § 3553(c), we do not require the district courts to issue "robotic incantations" when sentencing to prove that they have weighed the Section 3553(a) factors. *Smith*, 949 F.3d at 66 (internal quotation marks omitted). Nor must a judge recite an explanation for the supervised release term separately from the explanation of the reasons for the term of imprisonment. *See United States v. Williams*, 998 F.3d 538, 541 (2d Cir. 2021) ("Nothing in Section 3553(c) or our caselaw requires a district court to undertake a separate recitation of the basis for each part of the sentence imposed.").

Mayer argues that the district court procedurally erred by imposing a "heavy" supervised release term "without sufficient explanation and sensitivity." Appellant's Br. at 22. We disagree. The record demonstrates that the district court carefully and independently considered the length of the supervised release term and explained the basis for its imposition of the 10-year term—namely, that distribution and possession of child pornography "is such a difficult-to-control problem" for Mayer and others, and that "we have to have maximum protection both in terms of custody and in terms of supervised release." App'x at 104.

To the extent that Mayer argues that the district court's reasoning was vague, and that such vagueness implied the district court impermissibly considered retribution in imposing the term of supervised release, this argument is unpersuasive. Although a district court may not consider retribution as a justification for imposing supervised release, *Williams*, 998 F.3d at 541 (citing *Tapia v. United States*, 564 U.S. 319, 326 (2011)), the record does not suggest the district court used any such justification here. To the contrary, the record clearly shows the district court's

4

concern about recidivism and the corresponding need to protect the public by ensuring long-term rehabilitation and monitoring of Mayer while on supervised release. In fact, immediately prior to explaining its decision regarding the term of supervised release, the district court articulated its serious concern about recidivism:

> I am concerned about recidivism; maybe not recidivism in terms of sexual contact with children, I am pretty persuaded by [defense counsel] that that is probably unlikely to happen, but I have not seen anything yet to demonstrate that Mr. Mayer has the self-control to refrain from this kind of offensive conduct. He recognizes he needs therapy to do that, both substance abuse and mental health counseling, but you never know going in if that therapy is going to be effective or not. And sometimes it is not. So I do have to worry about re-offense that way.

App'x at 103. The district court's focus on rehabilitation, and not retribution, is further reflected in its expressed willingness to consider early termination of supervised release after five years if Mayer adjusts well to supervision. *See* App'x at 104 ("I also want to say with regard to the ten-year term of supervised release, if we get five good years behind us, that I am quite willing to consider an early termination.").

In sum, we conclude the district court did not commit any procedural error, let alone plain error, in imposing the term of supervised release.

### B. Substantive Reasonableness

Mayer also argues that the 10-year term of supervised release is substantively unreasonable because it "far exceeds the term of incarceration in a case involving a first time offender with unique personal history considerations mitigating the severity of the offense." Reply Br. at 4. We disagree.

As with procedural reasonableness, we consider substantive reasonableness under a deferential abuse-of-discretion standard. *Ingram*, 721 F.3d at 37; *United States v. Rigas*, 583 F.3d

5

108, 123 (2d Cir. 2009). In conducting such review, we are required to analyze the "totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016) (internal quotation marks omitted); *see also United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008). Under this deferential review, we only set aside sentences that are "shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks omitted).

Here, under this deferential standard, we cannot conclude that the 10-year term of supervised release was substantively unreasonable. As a threshold matter, the 10-year term of supervised release imposed was well below the statutorily-authorized and Guidelines-recommended term of life.[3] *See* 18 U.S.C. § 3583(k); U.S.S.G. § 5D1.2(b)(2). Moreover, Mayer maintained an extensive collection of child pornography, consisting of thousands of images and videos of children (including infants and toddlers) being sexually exploited, and he circulated child pornography to others. As part of that conduct, he communicated online with an undercover agent who was posing as the stepfather of a nine-year-old boy, during which Mayer expressed interest in meeting with the undercover agent to engage in sexual contact with his fictional stepson. In addition, a psychiatrist's forensic evaluation of Mayer classified him at moderate risk of recidivism. Although Mayer notes that the supervised release term is longer than the imprisonment term, such a differential in no way reflects substantive unreasonableness under the

---

[3] Mayer's conviction under 18 U.S.C. § 2252(b)(1) required a mandatory five-year term of supervised release. 18 U.S.C. § 3583(k).

totality of the circumstances. Here, where the Guidelines range was 151 to 188 months' imprisonment, the district court imposed a below-Guidelines sentence of 90 months' imprisonment but, at the same time, used the 10-year term of supervised release to adequately address the risk of recidivism upon Mayer's release. As we have emphasized, a district court is permitted in its discretion "to hedge against a relatively lenient term of imprisonment by imposing a longer term of supervised release" as "necessary to prevent recidivism in view of the lenient prison sentence it imposed," this being "a matter of fine-tuning rather than inconsistency." *United States v. Leon*, 663 F.3d 552, 556 (2d Cir. 2011) (internal quotation marks and alteration omitted).

Accordingly, we conclude that the 10-year term of supervised release was also substantively reasonable.

## II. <u>Special Conditions of Supervised Release</u>

Mayer further argues that the district court imposed four special conditions of supervised release—a restriction on electronically-accessed legal pornography, mandatory polygraph testing in connection with sex offender treatment, required reporting to the Probation Department without exempting Jewish holidays, and a prohibition on using an internet-connected television—that lacked adequate legal support and would compromise Mayer's efforts at rehabilitation.

We review the imposition of special conditions for abuse of discretion. *United States v. Dupes*, 513 F.3d 338, 342–43 (2d Cir. 2008). "District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). Within this broad discretion, a district court may impose special conditions that are reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed to afford adequate deterrence

7

to criminal conduct," "the need to protect the public from further crimes of the defendant," and "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," which "involve no greater deprivation of liberty than is reasonably necessary" for these purposes. U.S.S.G. § 5D1.3(b); *see also United States v. Myers*, 426 F.3d 117, 123–24 (2d Cir. 2005). In imposing special conditions, "[a] district court is required to make an individualized assessment . . . , and to state on the record the reason for imposing it; the failure to do so is error." *Betts*, 886 F.3d at 202. However, even when the district court does not provide such an explanation, the condition at issue may be upheld "if the district court's reasoning is self-evident in the record." *Id.* (internal quotation marks omitted). As set forth below, with the exception of the failure to explore accommodation of Mayer's request regarding the avoidance of reporting requirements on Jewish holidays (as to which we remand), we find no abuse of discretion in the imposition of the challenged special conditions.

### A. Restriction on Adult Pornography through Electronic Means

Mayer seeks vacatur of part of Special Condition 6, which states that he "is not to use a computer, Internet capable device, or similar electronic device to access pornography of any kind." Gov't App'x at 1. Mayer argues that this condition banning adult pornography is not justified in the record, is overbroad, and could hamper his adherence to other terms of release with respect to mental health treatment for a sexual disorder.

As a ban on accessing legal pornography implicates a First Amendment right, a special condition of supervised release limiting such access is subject to "a more searching review." *United States v. Eaglin*, 913 F.3d 88, 95 (2d Cir. 2019). A reviewing court must examine if the related condition is "unusual and severe," if it is "reasonably related to the relevant sentencing

8

factors," and if it "involve[s] a greater deprivation of liberty than is reasonably necessary." *Id.* at 94–95; *see also United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006) (holding that individuals on supervised release are subject to "conditional liberty" that may include a prohibition on the possession of adult pornography). As part of this analysis, we "routinely reject[] bans on adult pornography as a condition of supervised release where the district court failed adequately to connect the need for that condition to the defendant's likelihood of recidivism or to another sentencing factor." *Eaglin*, 913 F.3d at 99.

Here, the district court did not abuse its discretion in limiting Mayer's electronic access to adult pornography for the term of his supervised release. Given that the defendant accessed child pornography through the viewing of adult pornography on electronic devices, this condition is reasonably related to the relevant sentencing factors, including protecting the public because of the risk of recidivism. In particular, the district court explicitly stated that it was "not saying that someone who watches adult pornography naturally gravitates into child pornography," but noted, rather, that the factual record (as articulated by defense counsel at sentencing) reflected that Mayer *did* access child pornography while gathering and viewing other pornographic images, even though "it was not his primary target at the beginning." App'x at 105–06; *see also* App'x at 87–88 (defense counsel explaining that "what happens at these party scenes and on the websites that he was involved in, and the places that he downloaded pornography, is that you download pornography or are given pornography, often in packets, in large groups of pornography, and that contains a variety of things; things that you're really interested in and things that you're not interested in").

9

Moreover, this condition is not a ban on all adult pornography; rather, it is a ban only on *electronically-accessed* adult pornography for the 10-year term, thus permitting Mayer to access adult pornography through other means, such as magazines. Accordingly, in limiting the restriction on adult pornography to electronic sources, the district court tailored the condition to address Mayer's risk of recidivism based upon his underlying conduct. As the condition is reasonably related to the sentencing factors and tailored to prevent any greater deprivation of liberty than necessary, we hold that the district court did not abuse its discretion in imposing Special Condition 6.

### B. Mandatory Polygraph Testing as Part of Sex Offender Treatment

Mayer also challenges the imposition of mandatory polygraph testing in Special Condition 2 as part of his participation in a treatment program for sexual disorders, and argues that "[a]t a minimum, the polygraph should only have been ordered on reasonable suspicion of deception or resistance, and his Fifth Amendment rights should have been explicitly guaranteed." Appellant's Br. at 28–29. We disagree.

We have held that polygraph testing as a condition of supervised release "does not violate the Fifth Amendment because the defendant retains the right to later challenge any resulting self-incrimination in court." *United States v. Boles*, 914 F.3d 95, 112 (2d Cir. 2019) (citing *United States v. Johnson*, 446 F.3d 272, 280 (2d Cir. 2006)). As a treatment tool, polygraph testing can "further sentencing objectives such as rehabilitation and deterrence, with reasonably small incremental deprivations of liberty." *Johnson*, 446 F.3d at 278. The district court's reason for implementing this condition—namely, to mitigate against recidivism—was aligned with these sentencing objectives, as well as with the general justifications for Mayer's supervised release.

10

Therefore, we conclude that the district court did not abuse its discretion in imposing Special Condition 2.

### C. **Reporting to Probation Officer Without Exempting Religious Holidays**

Next, Mayer challenges Special Condition 3, regarding reporting of non-pre-approved contact with minors to the Probation Department "as soon as practicable, but no later than 12 hours," Gov't App'x at 1, and argues that the district court abused its discretion by denying his request that the condition be amended so as "to not require him to report to his supervised release officer during the Sabbath and other religious holidays," Appellant's Br. at 29. The government also agrees that a remand is necessary for further development of the record on this issue. As set forth below, we likewise conclude that remand on this issue is warranted.

Although a court may circumscribe the First Amendment rights of individuals on supervised release, in doing so, it "'must reflect the heightened constitutional concerns' involved." *United States v. Reeves*, 591 F.3d 77, 83 (2d Cir. 2010) (quoting *Myers*, 326 F.3d at 126). If a protected associational interest is limited, such limitation must be "narrowly tailored to serve a compelling government interest." *Id.* Additionally, we have noted that judges are "singularly ill-equipped to sit in judgment on the verity of an adherent's religious beliefs." *Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003) (quoting *Patrick v. LeFevre*, 745 F.2d 153, 157 (2d Cir. 1984)).

Here, the district court did not adequately articulate its reasons, or a compelling interest for, denying Mayer a religious accommodation as it related to the timing of the reporting requirement contained in Special Condition 3. Mayer contends that he cannot comply with this condition as written because his faith involves the proscription of work during Jewish holidays, including the weekly Sabbath. The district court rejected this request on the basis of its belief that

11

there was a religious exception in Orthodox Judaism that "if you have got to do something by law, you are allowed to do it," and further, because the district court wanted monitoring "to be as tight as possible" for an initial period. App'x at 107. Yet, in curtailing Mayer's First Amendment right, the district court failed to determine if there were other, less restrictive means of satisfying both the purpose of the special condition and Mayer's need for a religious accommodation. Accordingly, as the district court did not attempt to narrowly tailor the condition reporting requirements that may fall on the Sabbath or other Jewish holidays, Special Condition 3 is vacated. Upon remand, the district court should further develop the record on this issue and determine whether a less restrictive method of implementing the reporting requirement in Special Condition 3 can be identified. Such determination must adequately reflect the heightened constitutional concerns involved.

### D. Access to Internet-Connected Television

Mayer also challenges Special Condition 7, which allows him to have internet capability on up to two devices. Mayer declined to give up internet access on his phone or computer, thus precluding access on his television. Mayer requests a remand to modify Special Condition 7 so that he may—without forfeiting internet access on his phone or computer—"preserve his right to watch television via streaming services which are transmitted over internet signals." Appellant's Br. at 32.

We find no abuse of discretion in the district court's limitation of the internet-capable devices that would need to be monitored by the Department of Probation. *Cf. United States v. Bolin*, 976 F.3d 202, 212 (2d Cir. 2020) (upholding as reasonable a supervised release condition requiring monitoring of any internet-capable devices); *see also United States v. Savastio*, 777 F.

12

App'x 4, 6 (2d Cir. 2019) (summary order) (upholding a condition limiting a defendant to only one internet-capable device). As noted above, Mayer is permitted to have an internet-capable phone and computer. Thus, any streaming service Mayer would like to use on an internet-capable television can be accessed on his computer and/or phone. Accordingly, we affirm the district court's imposition of this special condition.

### III. Restitution

Finally, Mayer argues that the district court abused its discretion when it ordered one victim to receive $10,000 in restitution without sufficient support for such an amount in the record. The government argues that Mayer waived any challenge to that determination because he expressly withdrew his objection and agreed to the $10,000 amount. Mayer counters that, although he failed to object, his challenge on appeal should be examined under plain error review.

"Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted). In other words, forfeiture is a failure to object, while waiver is an intentional lack of objection. *United States v. Spruill*, 808 F.3d 585, 597 (2d Cir. 2015). Waiver may be evidenced by a "tactical decision" to decline to object, but it may also occur "where a party actively solicits or agrees to a course of action that he later claims was error" or "where a party asserts, but subsequently withdraws, an objection." *Id.*

Here, at sentencing, Mayer initially objected to the victim's request for $58,415 in restitution. When the district court proposed a reduction in the restitution amount to $10,000, and then asked Mayer's counsel whether he had any issue with that amount, defense counsel responded, "No, Your Honor. No objection." App'x at 112. Under these circumstances, we

13

conclude Mayer waived on appeal his ability to challenge the $10,000 restitution award to that victim. *Spruill*, 808 F.3d at 597.

*     *     *

We have considered all of Mayer's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED** except as to Special Condition 3, and **VACATED** in part and **REMANDED** for further proceedings as pertains to Special Condition 3 only.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court