ARCINIEGA v. FREEMAN, U. S. MARSHAL

No. 70–5135.   Decided October 26, 1971

PER CURIAM.

Petitioner's parole was revoked by the Federal Parole Board because of association with other ex-convicts.   In a petition for habeas corpus, petitioner contended that the record did not disclose any evidence in support of this conclusion.   The Court of Appeals for the Ninth Circuit sustained the revocation on the sole ground that petitioner worked at a restaurant-nightclub that employed other ex-convicts.   439 F. 2d 776.

The Parole Board has wide authority to set conditions, 18 U. S. C. § 4203 (a), and here petitioner was forbidden to "associate" with other ex-convicts.   But the Board's own regulations require "satisfactory evidence" of a parole violation to justify an arrest warrant.   28 CFR § 2.35. We do not believe that the parole condition restricting association was intended to apply to incidental contacts between ex-convicts in the course of work on a legitimate job for a common employer.   Nor is such occupational association, standing alone, satisfactory evidence of non-business association violative of the parole restriction. To so assume would be to render a parolee vulnerable to imprisonment whenever his employer, willing to hire ex-convicts, hires more than one.   Absent a clear Parole Board directive to this effect, we cannot sustain the

judgment of the Court of Appeals that on-the-job contact with fellow employees with police records is sufficient evidence of parole violation. If there is in this record other evidence of forbidden association or evidence of other parole violations, neither the Court of Appeals nor the United States has identified it.

The motion for leave to proceed *in forma pauperis* is granted, the petition for a writ of certiorari is granted, and the judgment of the Court of Appeals is

*Reversed.*