**Philip J. ALONZO, Petitioner-Appellant,**

v.

**John J. ROZANSKI, III, United States Probation Officer, et al., Respondents-Appellees.**

**No. 86–1586.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 16, 1986.

Decided Dec. 29, 1986.

Robert S. Bailey, Bailey, Bradley & Walsh, Chicago, Ill., for petitioner-appellant.

Ann L. Wallace, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., U.S. Dept. of Justice, Chicago, Ill., for respondents-appellees.

Before BAUER, Chief Judge, and CUMMINGS and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Until he entered prison in 1983 for several narcotics offenses, Philip Alonzo lived in Lombard, Illinois. He was paroled in June 1985, with 2½ years remaining on his term, to be followed by three years' special parole. As 28 C.F.R. § 2.33(b) provides, he was paroled to the place of his legal residence and required to obtain the permission of the probation service before leaving the

Northern District of Illinois. See also 18 U.S.C. § 4209, which authorizes the Parole Commission to impose conditions on its charges.

Alonzo wants to move to Florida to live with his girlfriend in a house he recently bought. The probation officer in Florida opposed the move, citing the "immense problems" his office had supervising the drug offenders who already lived there. Alonzo then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, contending that this decision is arbitrary and capricious, thereby (he says) denying him due process of law. The defendants moved for summary judgment, which the district court granted on the ground that Alonzo, as a parolee, has neither a liberty nor a property interest in his place of residence. 635 F.Supp. 496. Unless "life, liberty, or property" is at stake, the due process clause of the fifth amendment does not apply, and officials may act for such reasons (and with such procedures) as they choose. (They may not act for reasons, such as race, forbidden by other portions of the Constitution, but Alonzo does not contend that they acted for substantively prohibited reasons.)

The district court gave the right reason for the right conclusion. Alonzo committed crimes, and the punishment for these crimes includes stripping him of control over where he shall live. While in prison Alonzo had no say at all about where he could go. A prisoner has neither a liberty nor a property interest in the place of his confinement. *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Miller v. Henman*, 804 F.2d 421 (7th Cir.1986). Alonzo's control of abode was extinguished, for the entire term of his sentence, by the judgment of conviction. Some choice was restored to Alonzo when he was paroled, but Alonzo received no more than statutes and binding regulations gave him. How much freedom Alonzo received is a question of positive rather than natural law. Positive law allows a parolee to move without restraint in the district of his release, unless the conditions attached to his parole enlarge or restrict that liberty. Alonzo does not claim that any statute, regulation, or term of his release gives him an interest in living outside Illinois. Sections 2.33(b) and 2.38(b) give him an opportunity to ask the Commission to designate a new place of residence,* but the regulations do not contain criteria that require the Commission to act in any particular way in response to particular facts. Alonzo has no more than a hope, a unilateral expectation, a right to appeal to the Commission's discretion. Such expectations do not create liberty or property interests. See *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981); *Huggins v. Isenbarger*, 798 F.2d 203 (7th Cir.1986). Alonzo needs more than a unilateral expectation. He needs, and does not have, a "legitimate claim of entitlement", *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

We therefore join the Ninth Circuit in holding that the decision where a parolee shall be allowed to live is not subject to the due process clause of the fifth amendment. *Bagley v. Harvey*, 718 F.2d 921, 924 (9th Cir.1983). See also *Greenholtz v. Nebraska Inmates*, 442 U.S. 1, 9–11, 99 S.Ct. 2100, 2104–06, 60 L.Ed.2d 668 (1979) (an application for release on parole implicates liberty or property only to the extent statutes and regulations create a legitimate claim of entitlement). Alonzo relies on *Arciniega v. Freeman*, 404 U.S. 4, 92 S.Ct. 22, 30 L.Ed.2d 126 (1971), for the

---

* 28 C.F.R. § 2.33(b) provides that a parolee shall be released to the place of his legal residence "unless the Commission is satisfied that another place of residence will serve the public interest more effectively or will improve the probability of the applicant's readjustment." 28 C.F.R. § 2.38(b) states that a "parolee may be transferred to a new district of supervision with the permission of the probation officers of both the transferring and receiving district, provided such transfer is not contrary to instructions from the Commission." The statute, 18 U.S.C. § 4209, gives the Commission equal discretion.

contrary proposition. *Arciniega* dealt with the application of a condition of parole, but only because a violation of the condition led to the revocation of parole. Being out of jail is a form of liberty interest, which revocation of parole extinguishes. Compare *Morrissey v. Brewer*, 408 U.S. 471, 480–82, 92 S.Ct. 2593, 2599–601, 33 L.Ed.2d 484 (1972), with *Jago v. Van Curen*, 454 U.S. 14, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981). The deprivation of "liberty" in *Arciniega* was covered by the due process clause. The unfavorable reaction to Alonzo's request is not, which makes all the difference.

AFFIRMED.