[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2006
THOMAS K. KAHN
CLERK

No. 05-16910
Non-Argument Calendar

_____

D. C. Docket No. 01-00308-CR-J-20-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN KENT JARVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 7, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

John Kent Jarvis appeals the district court's decision revoking his supervised

release and imposing a sentence of thirty days of imprisonment and an additional thirty-five months of supervised release. The district court revoked his probation after finding that he failed to comply with the condition of probation that he refrain from associating with individuals engaged in criminal activity or individuals convicted of a felony unless granted permission to do so by his probation officer. The record reflects that Jarvis was aware of this condition yet he intentionally recruited Ivory Rhodes, a convicted felon on federal supervision, to work with him on a job without contacting his probation officer.

In his brief, Jarvis relies upon *Arciniega v. Freeman*, 404 U.S. 4, 92 S. Ct. 22, 30 L. Ed. 2d 126 (1971) (per curiam) which held that the standard condition restricting a probationer's association with other convicted felons does not apply to incidental contacts which arise out of work for a common employer. But unlike the parolee in *Arciniega*, Jarvis's association with Rhodes was not incidental. Jarvis personally recruited Rhodes, a known felon, to work with him. In the words of the district court, Jarvis "actively, proactively and on his own initiated the employment of Mr. Rhodes in the same place that he was working" without permission from his probation officer. Consequently, we find no abuse of discretion in the district court's revocation of Jarvis's supervised release.

AFFIRMED.