**FILED**

FEB - 2 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATRINA ROBINSON,                    )
                                     )
                    Plaintiff,       )
                                     )
        v.                           )        Civil Action No. **12 0178**
                                     )
PRESIDENT BARACK OBAMA, *et al.*,    )
                                     )
                    Defendants.      )

## MEMORANDUM OPINION

The plaintiff appears to allege that President Obama issued "an *Executive Order declaring* [plaintiff] a PUBLIC PROSTITUTE," Compl. at 2 (emphasis in original), and that the remaining defendants are responsible for carrying out the order, *see id.* at 2-3. In addition, the defendants allegedly "de-humanize her in the public" by, among other methods, starving her, denying her employment and human contact, forcing her into prostitution, " washing outside with assistance from local Fire Departments," and giving unidentified individuals "permission to abuse and attack" her. *Id.* at 2-3. The plaintiff also seeks a temporary restraining order directing the defendants, among other things, to "CEASE and ASSIST [sic] for all actions by Anthony Smith to publicly promote [the plaintiff] as a DECLARED prostitute by President Barak [sic] Obama in writing." Pl.'s Mot. for TRO at 1 (emphasis in original).

The court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only

1

claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Mindful that a complaint filed by a *pro se* litigant is held to a less stringent standard than that applied to a formal pleading drafted by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court concludes that the factual contentions of the plaintiff's complaint are irrational and wholly insufficient to state a cognizable civil claim. The complaint is frivolous, and there is no basis for issuing a temporary restraining order. Accordingly, the Court will deny the motion and dismiss this action under 28 U.S.C. § 1915(a)(2)(B)(i) as frivolous.

An Order consistent with this Memorandum Opinion will be issued on this same date.

DATE: 1-31-12

_____
United States District Judge