**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50182 |
| Plaintiff - Appellee, | D.C. No. 2:03-cr-1101-ABC |
| v. | MEMORANDUM[*] |
| DONALD GEORGE WOODFIELD, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted June 7, 2012 [**]
Pasadena, California

Before: TROTT and THOMAS, Circuit Judges, and DUFFY, District Judge.[***]

Donald George Woodfield ("Defendant") appeals a judgment of the Central

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

1

District of California finding him in violation of a supervised release condition prohibiting his unsupervised contact with persons under the age of eighteen and, alternatively, challenges the imposition of the condition as impermissibly vague and a greater deprivation of liberty than reasonably necessary under 18 U.S.C. § 3583(d). Defendant also appeals the District Court's post-revocation imposition of a condition requiring him to submit to a search at any time without a warrant. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

This Court reviews a sufficiency-of-the-evidence challenge to a revocation of supervised release in the light most favorable to the government and determines whether any rational judge "could have found the essential elements of a violation by a preponderance of the evidence." United States v. King, 608 F.3d 1122, 1129 (9th Cir. 2010) (internal quotation marks omitted); United States v. Jeremiah, 493 F.3d 1042, 1045 (9th Cir. 2007); see also 18 U.S.C. § 3583(e)(3).

The District Court could have found Defendant in violation of his supervised release because his contact with a minor female was not incidental or unknowing. See United States v. Soltero, 510 F.3d 858, 866-67 (9th Cir. 2007) (per curiam) (holding that "'incidental contacts' . . . do not constitute association" for supervised release condition prohibiting defendant from associating with gang members (quoting Arciniega v. Freeman, 404 U.S. 4, 4 (1971) (per curiam)));

2

United States v. Vega, 545 F.3d 743, 749 (9th Cir. 2008) (holding defendant must knowingly associate with members of criminal street gang to violate nonassociation supervised release condition). Here, Defendant's probation officer testified that, during an unannounced visit to Defendant's apartment, he observed a girl under the age of ten sitting alone on a couch while Defendant occupied the bathroom. The probation officer observed the young girl's aunt—also Defendant's girlfriend—outside the apartment sweeping a second-tier walkway in the apartment complex. Further, approximately two weeks before the incident at issue, the probation officer issued a written letter of reprimand, signed by Defendant, in response to Defendant's momentary, unsupervised contact with his grandsons and his girlfriend's teenage sons. Viewing the evidence in the light most favorable to the government, the District Court could have found by a preponderance of the evidence that Defendant associated with a minor.

Defendant alternatively argues that the nonassociation condition, as applied by the District Court, is impermissibly vague and involves a greater deprivation of liberty than is reasonably necessary under 18 U.S.C. § 3583(d). Because Defendant failed to raise these arguments before the District Court or on direct appeal, this Court reviews for plain error. United States v. Rearden, 349 F.3d 608, 614 (9th Cir. 2003).

A condition of supervised release is impermissibly vague if it "fail[s] to give a person of ordinary intelligence fair notice that it would apply to the conduct contemplated." Id. "A probation officer's instructions are relevant to whether a supervised release condition gives fair warning of prohibited conduct." King, 608 F.3d at 1128-29.

Here, the probation officer provided Defendant with oral and written notice that momentary, unsupervised contact with minors was a violation of his supervised release. The probation officer's express notice and Defendant's entering his apartment with knowledge that an unsupervised, minor female was present preclude a finding of plain error.

Defendant also challenges the nonassociation condition as an unreasonable deprivation of liberty. Nonassociation conditions comport with the requirements of § 3583(d) where the condition "promotes [the defendant's] rehabilitation, deters him from committing future crimes, and protects the public." United States v. Stoterau, 524 F.3d 988, 1008 (9th Cir. 2008); United States v. Bee, 162 F.3d 1232, 1235 (9th Cir. 1998). Given Defendant's interest in child pornography, the District Court did not err in imposing the nonassociation condition.

Finally, Defendant argues that the District Court's post-revocation imposition of a condition requiring him to submit to a search at any time without a

4

warrant is an unreasonable deprivation of liberty under § 3583(d).  This Court reviews a district court's decision to impose a supervised release condition for an abuse of discretion and "give[s] considerable deference to a district court's determination of the appropriate supervised release conditions, recognizing that a district court has at its disposal all of the evidence, its own impressions of the defendant, and wide latitude."  Vega, 545 F.3d at 747 (quoting Stoterau, 524 F.3d at 1002) (internal quotation marks omitted).

Defendant was convicted of possessing a cache of photo images appearing to depict "pre-pubescent and adolescent females naked, with their genitals exposed and engaged in some sort of sexual behavior."  Defendant has attributed his possession of and interest in child pornography to methamphetamine use.  He has repeatedly tested positive for methamphetamine during his term of supervised release.  Given Defendant's multiple supervised release violations and his history of prohibited association with minors, the search condition is reasonably related to protecting the public by deterring future offenses and by furthering his rehabilitation.  For the foregoing reasons, the District Court's imposition of the search condition was not an abuse of discretion.

**AFFIRMED.**