**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50327 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00920-JAK-1 |
| v. | |
| CHARLES WILLIAM MALONE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted February 4, 2014
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and TUNHEIM, District
Judge.[**]

Defendant-Appellant Charles Malone pled guilty to one count of distributing

crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) and was

sentenced to a term of imprisonment of 114 months. On appeal Malone argues that

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

the district court erred in imposing a special condition of supervised release preventing Malone from associating with anyone known to him to be a member of the Rollin' 40's Crips gang. We have jurisdiction under 28 U.S.C. § 1291. We review Malone's contention that the district court failed to comply with Federal Rule of Criminal Procedure 32(i)(3)(B) de novo, *United States v. Herrera-Rojas*, 243 F.3d 1139, 1142 (9th Cir. 2001), and the district court's imposition of conditions of supervised release for abuse of discretion, *United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012). We affirm.

Malone's objections that the United States failed to meet its burden of proof with regard to whether Malone was a member of the Rollin' 40's Crips were likely not "specific factual objections" sufficient to trigger the district court's obligation to rule on the dispute under Rule 32(i)(3)(B). *See United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008). Rather, Malone appeared to object primarily to the sufficiency of the evidence rather than "deny[ing] that the police reports contained the information alleged in the PSR or that the information was factually inaccurate." *Id.* at 1012; *see also United States v. Grajeda*, 581 F.3d 1186, 1188-89 (9th Cir. 2009) (finding that Rule 32 was not implicated where "Grajeda did not controvert the accuracy of the PSR or argue that he had not been convicted of the

2

listed crimes" but instead argued that the government had failed to meet its burden of proving the prior convictions).

Given the nature of Malone's objections, the district court's imposition of the gang association condition was sufficiently "express or explicit" to comply with Rule 32. *United States v. Doe*, 705 F.3d 1134, 1153 (9th Cir. 2013) (internal quotation marks omitted); *see also United States v. Doe*, 488 F.3d 1154, 1158-59 (9th Cir. 2007) (holding that the district court may comply with Rule 32 by expressly adopting the position of either party to the dispute, provided that by adopting the particular position the court necessarily resolved the objection at issue). The district court therefore did not abuse its discretion in imposing the gang association condition, which was reasonably related to the statutory goals of supervised release and involved no greater deprivation of liberty than reasonably necessary to achieve those goals. *See United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010).

The district court was not required to make specific determinations under United States Sentencing Guidelines § 5F1.5(a) because the government explicitly stated that the gang association condition will not prevent Malone from working as a counselor with at-risk youth, even if those youth happen to be gang members. Therefore, the condition does not constitute an occupational restriction. *See*

3

*Arciniega v. Freeman*, 404 U.S. 4, 4 (1971); *United States v. Soltero*, 510 F.3d 858, 866-67 (9th Cir. 2007).

**AFFIRMED.**