21-151-cr(L)
*United States of America v. Rakhmatov*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                                                21-151(L), 21-167(Con)

AZIZJON RAKHMATOV,

    *Defendant-Appellant,*

ABDURASUL HASANOVICH JURABOEV, AKA ABDULLOH IBN HASAN, AKHROR SAIDAKHMETOV, ABROR HABIBOV, DILKHAYOT KASIMOV, AKMAL ZAKIROV,

    *Defendants.*

---

For Defendant-Appellant:         LAWRENCE MARK STERN, Esq., New York, New York.

For Appellee:
DAVID K. KESSLER, Assistant United States Attorney (Susan Corkery, Douglas M. Pravda, J. Matthew Haggans, Assistant United States Attorneys, *on the brief*), *for* Jacquelyn M. Kasulis, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal in No. 21-151 from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*), and appeal in No. 21-167 from an order denying a post-judgment motion.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** in No. 21-151 that the judgment of the district court is **AFFIRMED in part**, and the case is **REMANDED** for further proceedings consistent with this order.

In No. 21-151, Appellant Azizjon Rakhmatov appeals from a January 15, 2021 judgment of the district court (Kuntz, *J.*), sentencing him to 150 months in prison, and a lifetime term of supervised release with special conditions, for conspiring to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B. In No. 21-167, Rakhmatov appeals from a January 25, 2021 order in which the district court denied his objections raised in a post-sentencing letter that we construe as a motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a). On appeal, Rakhmatov argues that his sentence should be vacated and the case should be remanded to a different judge. A motions panel of this Court has already dismissed as waived by his plea agreement Rakhmatov's challenges to his prison sentence. In a separate opinion that accompanies this order, we address his challenge in No. 21-167 to the denial of his Rule 35(a) motion. In this summary order, we consider Rakhmatov's challenges in No. 21-151 to the lifetime term and special conditions of supervised release, as well as whether the case should be reassigned on remand. We assume the parties' familiarity with the underlying

facts, the procedural history of the case, and the issues on appeal, which we reference here only as necessary to explain our decision.

## I.  Imposition of Supervised Release

Rakhmatov challenges the district court's imposition of a lifetime term of supervised release and objects to nine of the eleven special conditions of supervised release.  The government does not object to vacating the lifetime term and special conditions related to electronic device monitoring and location monitoring and remanding the case for further development of the record.  We conclude that the lifetime term and seven of the special conditions of supervised release should be vacated.  We remand with instructions to vacate them and to conduct further proceedings consistent with this order.

## A.  Term of Supervised Release

We first consider Rakhmatov's challenge to the lifetime term of supervised release. Rakhmatov argues that the term should be vacated given the court's lack of explanation for the term, the fact that his co-defendants were not sentenced to supervised release, and the substantive unreasonableness of the term for his "one-time" offense involving a "small amount of money." Appellant's Br. at 58.  We conclude that vacatur is appropriate.

"We review sentences under a deferential abuse-of-discretion standard." *United States v. Sampson*, 898 F.3d 287, 311 (2d Cir. 2018) (quoting *United States v. Young*, 811 F.3d 592, 598 (2d Cir. 2016)).  Where, as with Rakhmatov's challenge to the term of supervised release, a defendant "did not object when the sentence was imposed, plain error review applies." *United States v. Williams*, 998 F.3d 538, 540 (2d Cir. 2021) (per curiam).  In reviewing the substantive reasonableness of a sentence, this Court considers, *inter alia*, whether the sentence can "be located within the range of permissible decisions." *Id.* at 542 (quoting *United States v. Cavera*, 550 F.3d

180, 189 (2d Cir. 2008) (en banc)). "In reviewing the procedural reasonableness of a sentence, this Court considers whether the district court committed a significant procedural error, such as failing to adequately explain the chosen sentence." *Id.* at 540 (quoting *United States v. Rosa*, 957 F.3d 113, 117 (2d Cir. 2020)).

"A lifetime of supervised release is an extreme and unusual remedy," and "cases in which life terms of supervised release have been affirmed have typically involved child pornography or violent crimes." *United States v. Brooks*, 889 F.3d 95, 101, 103 (2d Cir. 2018) (per curiam). "Accordingly, the severity of a life sentence of supervised release justifies a closer look at the district court's decision to impose such a sentence." *Id.* at 101. "Ordinarily, a district court is under no obligation to provide elaborate reasons for the sentence it imposes," but "[w]here a sentence is unusually harsh, meaningful appellate review is frustrated where it is not possible to understand why the sentence was imposed." *United States v. Jenkins*, 854 F.3d 181, 194 (2d Cir. 2017) (vacating a 25-year term of supervised release where "the district court offered no explanation that might justify imposing what amounts to a lifetime of the most intense post-release supervision").

Here, the district court adopted the probation department's recommendation of lifetime supervised release, the maximum term permitted by statute. *See* 18 U.S.C. § 3583(j) (authorizing supervised release of "any term of years or life" for "any offense listed in section 2332b(g)(5)(B)"). The district court, however, provided no explanation for the lifetime term beyond stating that the sentence generally is meant to "recognize[] the seriousness of the defendant's offense" and "deter this defendant from further criminal activity." App. 422; *see also Williams*, 998 F.3d at 541–42 (noting that where retribution is the "principal articulated basis" for a sentence, a district court should separately explain its rationale for a term of supervised release). Furthermore, Rakhmatov

4

had committed no prior offenses, and two of his co-defendants did not receive supervised release sentences. *See* U.S.S.G. § 5D1.1 (Application Note 3) (advising that a district court "should give particular consideration to the defendant's criminal history" in imposing supervised release); *Brooks*, 889 F.3d at 102 (noting that a district court must consider "the need to avoid unwarranted sentenc[e] disparities among defendants with similar records" (quoting 18 U.S.C. § 3553(a)(6))). Given the lack of explanation for the term imposed, meaningful appellate review is not possible.

To be clear, we express no view as to the appropriateness of a term of supervised release in this case or as to the length of such a term. We simply remand and direct the district court to vacate the term of supervised release and further develop the record with an explanation for its reasoning for any newly imposed term.

### B. Special Conditions of Supervised Release

We next consider Rakhmatov's objections to nine of the special conditions of supervised release. "'A district court retains wide latitude in imposing conditions of supervised release,' and this Court generally reviews the imposition of such conditions 'for abuse of discretion,'" bearing in mind that errors of law, which we review *de novo*, necessarily meet this standard. *United States v. Birkedahl*, 973 F.3d 49, 53 (2d Cir. 2020) (quoting *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008)). "When the defendant does not object to the conditions, however, we review only for plain error." *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (per curiam). "To establish plain error, the defendant must establish (1) error (2) that is plain and (3) affects substantial rights." *Williams*, 998 F.3d at 540 (quoting *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007)). "The sentencing context . . . offers defendants a less rigorous plain error review if [the] defendant lacked sufficient notice of the challenged conditions." *Green*, 618 F.3d at 122 (citing *United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002)).

The district court record is opaque both as to whether Rakhmatov had notice of the proposed special conditions and whether he made objections sufficient to explain his arguments to the district court. First, the probation department's sentencing recommendation for a lifetime term of supervised release and the relevant special conditions—district court "Document 448-1"—was dated February 6, 2020, and is court-labeled as having been filed under seal on that date; but no Document 448-1 is listed (even as "Sealed") on the court's docket. Second, we have not seen in the record objections by Rakhmatov to any of the proposed conditions of supervised release until his attorney, near the end of the January 14, 2021 sentencing hearing, stated, "I believe I have to object to some of the special conditions of supervised release." App. 437. But to that statement, the district court responded in part, "You objected to them. So your record is clear that you object to them." *Id.* Because our decision as to the challenged conditions would be the same regardless of the standard of review, we need not address which standard of review applies.

The district court adopted and imposed the probation department's recommended special conditions "to the extent they are not erroneous as a matter of law," App. 430, and did not provide a rationale for the conditions. "A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it; the failure to do so is error." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). "In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is 'self-evident in the record.'" *Id.* (quoting *United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004)). "There must be a reasonable relationship between the factors considered by the district court in the individualized assessment and the special condition of release being challenged," and the condition "must impose no greater restraint on

6

liberty than is reasonably necessary to accomplish sentencing objectives." *United States v. Haverkamp*, 958 F.3d 145, 151 (2d Cir. 2020).

We affirm two of the challenged special conditions. With respect to the condition limiting Rakhmatov's association with criminal or terrorist enterprises,[1] we conclude that the district court's reasoning for imposing the condition is "self-evident," *Betts*, 886 F.3d at 202, based on Rakhmatov's offense of providing material support to a foreign terrorist organization. Rakhmatov asserts that the condition is "vague" and "overbroad," Appellant's Br. at 60, yet "[c]onditions need not be cast in letters six feet high, or describe every possible permutation, or spell out every last, self-evident detail," *United States v. Reeves*, 591 F.3d 77, 81 (2d Cir. 2010) (quotation marks, ellipses, and citation omitted). Indeed, we have upheld similar association-related conditions, assuming the "constitutionally required limitations on the breadth of 'association,' including that the prohibition only limits association with [criminal enterprise members] *known* to the probationer, and excludes 'incidental contacts.'" *Green*, 618 F.3d at 123 (quoting *Arciniega v. Freeman*, 404 U.S. 4, 4 (1971) (per curiam)); *see also United States v. Johnson*, 446 F.3d 272, 281 (2d Cir. 2006).

With respect to the condition requiring that Rakhmatov submit to searches of his person

---

[1] The association condition states:

> The defendant shall not associate in person, through mail, electronic mail, internet, social networking, or telephone with any individual with an affiliation to any terrorist organization, organized crime groups, gangs, or any criminal enterprise or terrorist enterprise; nor shall he frequent any establishment, or other locale where these groups may meet.
> The defendant shall not access any websites that affiliates with a radical extremist group, terrorist organization, organized crime groups, gangs, or any criminal enterprise or terrorist enterprise.

*See* App. 432.

and property,[2] we similarly conclude that the district court's reasoning for imposing the condition is "self-evident," *Betts*, 886 F.3d at 202, based on Rakhmatov's offense. Moreover, the condition's limitations on searches to circumstances in which reasonable suspicion of a supervised release violation exists and to a reasonable time and manner of search ensure that the condition "impose[s] no greater restraint on liberty than is reasonably necessary," *Haverkamp*, 958 F.3d at 151. Rakhmatov argues that the subcondition requiring him to notify other occupants that the premises may be subject to searches is "vague and overbroad." Reply Br. at 44. However, the subcondition is reasonably read to require notice only to others occupying his "house," "residence," or "vehicle" and thus "put[s] an ordinary person on notice of the prohibited conduct," *United States v. Carlineo*, 998 F.3d 533, 536 (2d Cir. 2021).

As to the seven remaining challenged special conditions related to mental health evaluation, medication, polygraph testing, electronic device monitoring, and location monitoring, we remand, directing that the district court vacate these conditions given the lack of "individualized assessment" of the conditions and the lack of "self-evident" basis for the conditions in the record. *Betts*, 886 F.3d at 202. Again, we express no view as to the

---

[2] The search condition states:

> The defendant shall submit his person, property, house, residence, vehicle, papers, computers, as defined in 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release.
>
> The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

*See* App. 434–435.

appropriateness of these conditions.[3]   We simply remand to the district court to consider whether these conditions are warranted and, if so, to explain its rationale for imposing each of them.

## II.   Reassignment of the Case on Remand

Finally, Rakhmatov asserts that the case should be assigned to a different judge on remand based on, *inter alia*, the district court's "acceptance, without evidence, of the allegations of [Rakhmatov's] extremist ideology," "superficial recitation" of the sentencing factors, and imposition of the maximum sentence that bars appeal.   Appellant's Br. at 62.   We disagree. "Reassignment of a case 'is an extreme remedy, rarely imposed . . . but occasionally warranted, even in the absence of bias, to avoid an appearance of partiality.'"   *Ketcham v. City of Mount Vernon*, 992 F.3d 144, 152 (2d Cir. 2021) (quoting *United States v. City of New York*, 717 F.3d 72, 99 (2d Cir. 2013)).   We assess three factors to determine whether reassignment is warranted:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Id.* (quoting *Gonzalez v. Hasty*, 802 F.3d 212, 225 (2d Cir. 2015)).   Here, we discern no reason that the district court would have "substantial difficulty" putting aside its original views or that reassignment is warranted for "the appearance of justice."   Therefore, we deny Rakhmatov's request.

*       *       *

---

[3]  Because we direct vacatur, requiring the district court to develop the record in the event that the conditions are reimposed, we need not now consider Rakhmatov's contention that certain conditions improperly delegate authority to the probation department.

We have considered Rakhmatov's remaining arguments and find them to be without merit. For the foregoing reasons and those in the concurrently filed opinion, we **DISMISS** as to the district court's denial of Rakhmatov's Rule 35(a) motion, **AFFIRM** as to the imposition of the association and search special conditions of supervised release, and **REMAND** the case with instructions to vacate the lifetime term of supervised release and the special conditions related to mental health evaluation, medication, polygraph testing, electronic device monitoring, and location monitoring and to conduct further proceedings consistent with this order. As to the lifetime term of supervised release and the special conditions for which we direct vacatur, the district court may invite the parties to further develop the record and may reimpose or modify them. Upon such decision by the district court, either party may restore the matter to the active docket of this Court by letter without filing a new notice of appeal. If either party seeks further action from this Court, the matter will be referred to this panel. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994) (recognizing that appellate courts may seek "supplementation of a record without a formal remand or the need for a new notice of appeal before the appellate panel acts on the supplemental record").

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

10