**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**June 6, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

MOREHEI PIERCE,

    Plaintiff - Appellant,

v.

KRIS KOBACH; MARK DUPREE;
TRAVIS GETTY; H. COBB; MS. (FNU)
ROSE,

    Defendants - Appellees.

No. 24-3048
(D.C. No. 5:24-CV-04010-JAR-ADM)
(D. Kan.)

_____

### ORDER AND JUDGMENT*

_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.

_____

Proceeding pro se, Morehei Pierce appeals the district court's dismissal of his

Complaint for failure to state a claim. We affirm.

### I.    BACKGROUND

Mr. Pierce was a Kansas state prisoner incarcerated in the Larned Correctional

Mental Health Facility. In 2022, the Kansas Department of Corrections Prisoner

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Federal
Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Review Board granted him parole. Mr. Pierce was later released on parole to a family member in Alabama.

After his release, Mr. Pierce filed a Complaint in federal court against Kris Kobach, the Kansas Attorney General; Mark Dupree, the Wyandotte County District Attorney; and three correctional officers he alleges were involved in deciding where he would serve his parole (collectively, "Defendants"). Mr. Pierce brought a single claim under 42 U.S.C. § 1983, alleging the correctional officers did not take sufficient steps to parole him to a halfway house in Nebraska or Kansas. Mr. Pierce alleged he requested placement in Nebraska because that is where he was born and where his children and most of his family reside. According to Mr. Pierce, not paroling him to Nebraska or Kansas violated the Fourteenth Amendment of the U.S. Constitution.[1]

Mr. Pierce moved to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915, which allows a plaintiff to commence a civil action "without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). The court granted Mr. Pierce IFP status but stated it would "not direct service of process on the defendants until the court screen[ed] the complaint for merit under 28 U.S.C. § 1915(e)(2)(B)." ROA at 13.

---

[1] Mr. Pierce requests a transfer to Nebraska, but he allegedly requested parole to Kansas or Nebraska.

A magistrate judge screened Mr. Pierce's Complaint and issued a Report and Recommendation, recommending the district court dismiss the Complaint for failure to state a claim. The magistrate judge construed the Complaint as alleging a violation of the Fourteenth Amendment's Due Process Clause and concluded Mr. Pierce had failed to state a claim against the correctional officers because parolees do not have a liberty interest in where they serve their parole. Additionally, the magistrate judge determined Mr. Pierce had not alleged any actions taken by Mr. Kobach or Mr. Dupree. For these reasons, the magistrate judge concluded amendment would be futile and recommended dismissing the Complaint.

Mr. Pierce objected to the Report and Recommendation, stating that Defendants violated the Fourteenth Amendment by not paroling him to Kansas or Nebraska. He further argued that Mr. Kobach and Mr. Dupree "should have given him a due process hearing within Wyandotte County as requested." *Id.* at 20. The district court overruled Mr. Pierce's objection, concluding he "has no constitutionally protected liberty interest in the conditions of parole, such as to whom he is paroled or in what state." *Id.* at 25–26. The district court thus adopted the Report and Recommendation and dismissed the Complaint. Mr. Pierce timely appealed.

## II.    LEGAL STANDARD

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). During this review, we apply the same standard "that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for

failure to state a claim." *Id.* We thus accept the well pleaded allegations as true and determine whether Mr. Pierce "has provided 'enough facts to state a claim to relief that is plausible on its face.'" *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Additionally, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). And because Mr. Pierce is pro se, we construe his filing liberally but do not advocate on his behalf. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.    DISCUSSION

Mr. Pierce asserts a procedural due process claim, so he must allege the infringement of a protected liberty or property interest.[2] *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Protected liberty interests may arise from either the Due Process Clause or state law. *Id.* We conclude that Mr. Pierce does not have a protected liberty interest in being paroled to a particular state, so the district court properly dismissed his Complaint.

Neither this court nor the Supreme Court has decided whether parolees have a protected liberty interest in their parole location. But the Supreme Court has held that

---

[2] The district court construed Mr. Pierce's Complaint as alleging a liberty interest, and Mr. Pierce has not argued he is alleging a property interest. We thus focus our analysis on Mr. Pierce's alleged liberty interest.

the Due Process Clause does not guarantee inmates the right to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Nevertheless, "a state parole statute can create a liberty interest when the statute's language and structure sufficiently limits the discretion of a parole board." *Boutwell v. Keating*, 399 F.3d 1203, 1213 (10th Cir. 2005). Relevant here, the Kansas Supreme Court has held that "the Kansas parole statute does not give rise to a liberty interest when the matter before the [Kansas Parole] Board is the *granting* or *denial* of parole to one in custody."[3] *Gilmore v. Kan. Parole Bd.*, 756 P.2d 410, 415 (Kan. 1988). Consequently, in several unpublished decisions, we have persuasively recognized that Kansas law does not create a liberty interest in release on parole.[4] *See, e.g.*, *Pruitt v. Heimgartner*, 620 F.

---

[3] Unlike granting or denying parole, the action of "*revoking* parole involves a liberty interest." *Gilmore v. Kan. Parole Bd.*, 756 P.2d 410, 415 (Kan. 1988); *see also Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) ("By whatever name, the liberty [of a parolee] is valuable and must be seen as within the protection of the Fourteenth Amendment. Its termination calls for some orderly process, however informal."); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 9 (1979) (explaining that "parole *release* and parole *revocation* are quite different" because "[t]here is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires").

[4] In *Reed v. McKune*, we said that "[a]n inmate's interest in participating in a state's parole program is one such liberty interest inhering directly in the Due Process Clause itself, and thus is not subject to deprivation without strict procedural safeguards." 298 F.3d 946, 954 (10th Cir. 2002). But we had previously held that there is "no constitutional or inherent right to receive parole" and that "absent state standards for the granting of parole, decisions of a parole board do not automatically invoke due process protections." *Malek v. Haun*, 26 F.3d 1013, 1015 (10th Cir. 1994) (citing *Greenholtz*, 442 U.S. at 7–8). To the extent *Reed* conflicts with *Greenholtz*

App'x 653, 658 (10th Cir. 2015) (unpublished) (concluding a Kansas state prisoner did not have a liberty interest in release on parole); *see id.* at 658 n.3 (collecting cases).

The Supreme Court has also held that the Due Process Clause does not create a liberty interest in the location of imprisonment. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("[A]n inmate . . . has no justifiable expectation that he will be incarcerated in any particular State."); *see also Overturf v. Massie*, 385 F.3d 1276, 1279 (10th Cir. 2004) ("[I]nmates have no protected liberty interest in the location of their confinement." (first citing *Olim*, 461 U.S. at 247–48; and then citing *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976))).

Relying on *Greenholtz* and *Olim*, the Ninth Circuit held that "a parolee does not have a constitutional interest that entitles him to parole in any particular district." *Bagley v. Harvey*, 718 F.2d 921, 924 (9th Cir. 1983). Similarly, the Seventh Circuit held that "the decision where a parolee shall be allowed to live is not subject to the due process clause of the [F]ifth [A]mendment." *Alonzo v. Rozanski*, 808 F.2d 637, 638 (7th Cir. 1986).

---

and our earlier precedent, it is not binding. *See United States v. Rosales-Miranda*, 755 F.3d 1253, 1261 (10th Cir. 2014) ("It is axiomatic that when faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom." (internal quotation marks omitted)); *see also Bertolo v. Lind*, 825 F. App'x 581, 584 n.3 (10th Cir. 2020) (unpublished) ("To the extent *Reed* conflicts with the Supreme Court's decision in *Greenholtz* and with our earlier precedent, it does not bind us."); *Pruitt v. Heimgartner*, 620 F. App'x 653, 659–60 (10th Cir. 2015) (unpublished) (explaining that *Reed* appears to conflict with earlier precedent).

We are persuaded by the reasoning of the Ninth and Seventh Circuits, particularly because Mr. Pierce has not cited any authority concluding that parolees have a liberty interest in their parole location. *See* Fed. R. App. P. 28(a)(8)(A) (explaining that an appellant's brief "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (internal quotation marks omitted)). Nor has Mr. Pierce argued that if given a chance to amend his Complaint, he could allege facts demonstrating Defendants violated a protected liberty interest.

Indeed, Mr. Pierce's only argument on appeal is that Defendants infringed his right "to direct the care, upbringing[,] and education" of his children. Appellant's Br. at 4. But Mr. Pierce did not allege that Defendants are preventing him from interacting with or otherwise raising his children—he alleged only that he was not paroled to the state where his children reside. Mr. Pierce's argument is further belied by his allegation that he also requested parole to Kansas, a state where he does not allege his children reside. And regardless, Mr. Pierce has not addressed the district court's conclusion that parolees do not have a protected liberty interest in the location of their parole.

In sum, because Mr. Pierce does not have a liberty interest in being paroled to a particular location, he failed to state a plausible claim, and amendment would be futile, the district did not err by dismissing his Complaint.

7

## IV.    CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order dismissing Mr. Pierce's Complaint.

Entered for the Court


Carolyn B. McHugh
Circuit Judge