20-1021-cr
United States v. Joseph Williams

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2020

(Submitted:  March 16, 2021)                    Decided: May 26, 2021)

Docket No. 20-1021-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.

JOSEPH WILLIAMS,

*Defendant-Appellant*.

_____

Before: POOLER, SULLIVAN and PARK, *Circuit Judges*.

Joseph Williams appeals from that part of the March 17, 2020 judgment of

the United States District Court for the Northern District of New York (Thomas J.

McAvoy, *J.*) sentencing him to a 20-year term of supervised release. Williams

principally argues that the district court committed procedural error when it did

not separately explain its rationale for imposing a 20-year term of supervised release. We disagree. The district court reviewed the Section 3553(a) factors in imposing a term of imprisonment, and nothing in the statute or our case law requires the district court to repeat the process in imposing a term of supervised release.

Affirmed.

_____

MELISSA A. TUOHEY, Assistant Federal Public Defender, *for* Lisa A. Peebles, Office of the Federal Public Defender, Syracuse, N.Y., *for Defendant-Appellant Joseph Williams*.

JOSHUA R. ROSENTHAL, Assistant United States Attorney (Geoffrey J.L. Brown, Assistant United States Attorney, *on the brief*), *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Albany, N.Y., *for Appellee*.

PER CURIAM:

Joseph Williams appeals from that part of the March 17, 2020 judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *J.*) sentencing him to a 20-year term of supervised release. Williams principally argues that the district court committed procedural error when it did

not separately explain its rationale for imposing a 20-year term of supervised release. We disagree. The district court reviewed the Section 3553(a) factors in imposing a term of imprisonment, and nothing in the statute or our case law requires the district court to repeat the process in imposing a term of supervised release.

## BACKGROUND

Williams pleaded guilty, without the benefit of a plea agreement, to a three-count information charging him with (1) distributing child pornography, in violation of 18 U.S.C. §§ 2252(a)(2)(A), (b)(1), and 2256(8)(A); (2) receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), and 2256(8)(A); and (3) possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2256(8)(A). The district court noted during sentencing that Williams possessed a "massive collection of child pornography with over 3,000 videos and close to 5,000 images," along with "an instructional manual on how to identify, gain access to, groom and sexually abuse children." App'x at 68. Williams "used a social-media application specifically geared toward young people as a means to locate, make contact with, groom and exploit children for [his] own sexual gratification," and "then bragged about [his] success using the application and

3

even attempted to . . . teach another pedophile how to use the application for the same purpose." App'x at 69. Williams belonged to chat groups "dedicated to trading child pornography" and "actively chatted with other pedophiles while expressing [his] desire to rape and kidnap children." App'x at 68-69. The district court adopted the presentence report without change and calculated the Guidelines range for the term of imprisonment at 210 to 262 months. The district court then imposed a sentence of 160 months' imprisonment on each count, to be served concurrently, followed by a 20-year term of supervised release. The district court did not separately explain the factors imposing the term of supervised release. This appeal—which challenges only Williams's term of supervised release—followed.

## DISCUSSION

Williams argues that the district court committed (1) procedural error by failing to adequately explain its reasons for imposing a 20-year term of supervised release; and (2) substantive error in imposing a prolonged term of supervised release following a 160-month term of imprisonment. We disagree.

Because Williams did not object when the sentence was imposed, plain error review applies. *See United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir.

4

2007). "To establish plain error, the defendant must establish (1) error (2) that is plain and (3) affects substantial rights." *Id.* at 209. "In reviewing the procedural reasonableness of a sentence, this Court considers whether the district court committed a significant procedural error, such as failing to adequately explain the chosen sentence." *United States v. Rosa*, 957 F.3d 113, 117 (2d Cir. 2020) (internal quotation marks and ellipses omitted).

The district court is required to "state in open court the reasons for its imposition of the particular sentence . . . ." 18 U.S.C. § 3553(c). Congress sought to accomplish several goals in imposing this requirement, including "inform[ing] the defendant of the reasons for his sentences[;]" allowing for "meaningful appellate review[;]" "enabl[ing] the public to learn why [the] defendant received a particular sentence;" and "guid[ing] probation officers and prison officials in developing a program to meet [the] defendant's needs." *United States v. Molina*, 356 F.3d 269, 277 (2d Cir. 2004) (citations omitted). Reviewing the district court's weighing of the Section 3553(a) sentencing factors, "we consider whether the factor[s], as explained by the district court, can bear the weight assigned [them] under the totality of circumstances in the case." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008).

We find no procedural error in the district court's failure to separately explain the basis for the term of supervised release after discussing the Section 3553(a) factors in imposing a term of imprisonment. Nothing in Section 3553(c) or our caselaw requires a district court to undertake a separate recitation of the basis for each part of the sentence imposed. Where, as here, the district court explains the basis for imposing a term of imprisonment, it need not repeat the process in imposing a term of supervised release. In *United States v. Alvarado*, we upheld the district court's imposition of a three-year term of supervised release even though the district court "did not specifically state that *supervised release* (as opposed to [defendant's] sentence generally) was designed to provide an additional measure of deterrence." 720 F.3d 153, 159 (2d Cir. 2013). Noting that the district court "properly calculated the Guidelines range, treated the range as appropriately advisory, considered the Section 3553(a) factors, selected a sentence based on facts that were not clearly erroneous, and adequately explained its chosen sentence, which was in the Guidelines range," we held that "[n]othing more was required." *Id.* (citation omitted).

We have recognized a narrow exception to the ordinary rule that district courts do not have to separately explain the basis for the term of supervised

release. Supervised release is meant "to assist individuals in their transition to community life" and thus "fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). There are multiple reasons courts may consider in imposing a term of supervised release, and attaching conditions thereto, "'the nature and circumstances of the offense and the history and characteristics of the defendant,' 'the need . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; . . . and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." *Id.* at 53, 59–60 (quoting 18 U.S.C. §3553(a)). But not every reason that supports imposing a term of imprisonment supports imposing a term of supervised release. *See, e.g., Tapia v. United States*, 564 U.S. 319, 326 (2011) (holding that "a court may not take account of retribution (the first purpose listed in § 3553(a)(2)) when imposing a term of supervised release" (emphasis omitted)). In *United States v. Burden*, 860 F.3d 45 (2d Cir. 2017), we said that it was "understandabl[e]" that district courts often provide only one explanation for the entirety of a sentence—including the term of supervised release. *Id.* at 57. Nevertheless, because retribution is a proper justification for a term of imprisonment but not

for supervised release, we said that where "a district court bases a term of incarceration substantially upon the seriousness of the offense, it would be advisable for the district court to separately state its reasons for the term of supervised release imposed." *Id.* Put simply, once a district court has explained the basis for its sentence, the district court need not provide a separate basis for a term of supervised release unless retribution is the principal articulated basis for the sentence.

This exception does not apply to this case. Williams's sentence, including his term of supervised release, was clearly justified by the need to protect children—a risk the district court noted on the record, *see* App'x at 74 ("It's clear from your conduct . . . that you're sexually attracted to children. The Court believes that allowing you unfettered access to minors would jeopardize the safety of the community . . . . ").

Williams also challenges his term of supervised release as substantively unreasonable. A sentence is substantively unreasonable if it "cannot be located within the range of permissible decisions," *Cavera*, 550 F.3d at 189 (internal quotation marks omitted), if it "shock[s] the conscience," *United States v. Rigas*, 583 F.3d 108, 124 (2d Cir. 2009), or if it constitutes a "manifest injustice," *id.*

Based on his plea, the Guidelines recommend a lifetime term of supervised release. The district court here imposed a term of 20 years, which Williams argues is substantively unreasonable following a 160-month prison sentence because nothing in the record supports the need for a lengthy term of supervised release. Williams relies on *United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017), for the proposition that a 20-year term of supervised release is too long. But unlike *Jenkins*, where the defendant had not contacted or attempted to contact a minor, *id.* at 194, the record here shows that Williams had a massive collection of child pornography; was a member of chat groups dedicated to trading child pornography; actively chatted with others about his desire to rape and kidnap children; secretly photographed children in public and later distributed those photos to others while talking about his desire to abduct and rape those children; owned an instructional manual explaining how to identify, gain access to, groom, and sexually abuse children; used a social media application specifically geared toward young people as a means to locate, make contact with, groom, and exploit children; and then bragged about his success using the application and attempted to teach others how to use the application for the same purpose.

9

Because of the obvious ongoing risk Williams poses to children, the district court did not err in imposing a 20-year term of supervised release.

## CONCLUSION

For the reasons given above, the district court's judgment is affirmed.