21-1403-cr
*United States v. Ash*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of March, two thousand twenty-two.

PRESENT:   DENNIS JACOBS,
           JOSÉ A. CABRANES,
           SUSAN L. CARNEY,
                      *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

           v.                                         21-1403-cr

ALVIN ASH, AKA Sealed Defendant #2,
AKA Mello,

                      *Defendant-Appellant*,

FLOYD ASH, AKA Clap, AKA Sealed
Defendant #1, AKA Blitz, KARIM
DOBSON, AKA Sealed Defendant #3, AKA
Remo, KEVIN CONSTANTINE, AKA
Sealed Defendant #4, AKA Ralow, AKA
Anthony Constantine, CHARLES
HARRISON, AKA Sealed Defendant #5,
AKA Bars,

*Defendants.*<sup></sup>

FOR APPELLEE:                                    Geoffrey J.L. Brown & Paul D. Silver,
                                                 Assistant United States Attorneys, *for*
                                                 Carla B. Freedman, United States
                                                 Attorney for the Northern District of
                                                 New York, Albany, NY.

FOR DEFENDANT-APPELLANT:          Melissa A. Tuohey, Assistant Federal
                                                 Public Defender, *for* Lisa A. Peebles,
                                                 Federal Public Defender, Syracuse, NY.

Appeal from a judgment, entered June 2, 2021, by the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 2, 2021 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant Alvin Ash appeals the District Court's judgment sentencing him to a 10-month term of imprisonment to be followed by a two-year term of supervised release after Ash admitted to violating the conditions of his prior supervised release. On August 9, 2012, Ash was initially sentenced to a 135-month term of imprisonment to be followed by a five-year term of supervised release after he pleaded guilty to one count of narcotics conspiracy. After serving his prison sentence,[1] and while he was on supervised release, the Probation Office filed a petition seeking to revoke Ash's supervised release. During a final revocation hearing conducted before the District Court on May 27, 2021, Ash admitted to eight violations, including new criminal conduct, failure to report to the probation officer as directed, failure to comply with drug testing, and alcohol consumption. The District Court sentenced Ash to a 10-month term of imprisonment to be followed by a two-year term of supervised release. Ash now argues that the two-year term of supervised release ordered by the District Court was both procedurally and substantively unreasonable and urges us to vacate the sentence and remand for purposes of resentencing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[*]       The Clerk of Court is directed to amend the caption as set forth above.

[1]       Ash's prison sentence was subsequently reduced from 135 months to 120 months pursuant to 18 U.S.C. § 3582(c)(2).

## I.

We generally review a district court's imposition of a sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). The same standards used to review sentences generally also apply to cases like this one, where we are asked to review the sentence imposed for violations of supervised release. *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018). At root, we evaluate the sentence imposed for "reasonableness," a concept which encompasses both "the procedures used to arrive at the sentence (procedural reasonableness) and . . . the length of the sentence (substantive reasonableness)." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012).

## II.

Ash first objects to the sentence imposed by the District Court on procedural unreasonableness grounds, arguing that the District Court failed to adequately explain the reason it was imposing a two-year term of supervised release. Because Ash failed to object at the time of sentencing, we review his argument under the plain-error standard. *See United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007). Upon review, we see no error with respect to the District Court's explanation, let alone plain error.

A district court is required, "at the time of sentencing, [to] state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). Ash concedes that the District Court "provided an explanation for the prison term and the special conditions of supervision," Def.'s Br. 14 (internal citation omitted), and raises no objection as to those parts of his sentence. Instead, he contends that "no reasons were provided for the supervised release term." *Id.* at 14-15. But we have made clear that "[n]othing in Section 3553(c) or our caselaw requires a district court to undertake a separate recitation of the basis for each part of the sentence imposed," and that when a "district court explains the basis for imposing a term of imprisonment, it need not repeat the process in imposing a term of supervised release." *United States v. Williams*, 998 F.3d 538, 541 (2d Cir. 2021) (per curiam).[2] Finding the District Court's explanation of Ash's term of imprisonment to be adequate, we conclude that its imposition of a two-year term of supervised release was procedurally reasonable.

---

[2] *Williams* acknowledges a "narrow exception to the ordinary rule that district courts do not have to separately explain the basis for the term of supervised release" — namely, when "retribution is the principal articulated basis for the sentence." 998 F.3d at 541-42. This exception is not relevant here.

### III.

Next, Ash objects to the two-year term of supervised release on substantive unreasonableness grounds. As we have stated before, we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (cleaned up). Sentences are substantively unreasonable only when they "are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted). This is not such a case, and we disagree with Ash's contention that the two-year term of supervised release was "unduly harsh." Def.'s Br. 15.

Ash also argues that the supervised release term does not serve the rehabilitative purposes of supervised release. We disagree. The District Court stated that Ash's term of supervised release was meant "to improve [his] performance in life," and discussed its desire for Ash to "change [his] attitude and way of doing things." App'x 86, 89. Under these circumstances, we find the two-year term of supervised release to be substantively reasonable.

### IV.

We have considered all of Ash's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the June 2, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk