22-263
*United States v. Daniels*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> JOSÉ A. CABRANES,
> > *Circuit Judge,*
> RACHEL P. KOVNER,
> > *District Judge.*\*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                    22-263

JONATHAN DANIELS,

> *Defendant-Appellant*.

_____

For Appellee:                                     RAJIT S. DOSANJH, Assistant United States Attorney (Geoffrey J.L. Brown *on the brief*), *on behalf of* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

---

\* Judge Rachel P. Kovner, of the United States District Court for the Eastern District of New York, sitting by designation.

1

For Defendant-Appellant:  MELISSA A. TUOHEY, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jonathan Daniels ("Daniels") appeals from a February 7, 2022, sentencing and judgment for revocation of supervised release of the United States District Court for the Northern District of New York.   Daniels argues, first, that the district court's sentence was procedurally unreasonable because the district court failed to explain its reasons for imposing a five-year term of supervised release; and, second, that the district court's sentence was substantively unreasonable because it imposed supervision that resulted in unreasonably exposing him to dual federal and state supervision.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review sentences for violations of supervised release "under the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (internal quotation marks and citations omitted).   The reasonableness of a sentence is reviewed "under a deferential abuse-of-discretion standard." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (internal quotation marks and citation omitted).[1]   A

_____

[1] The government urges that we review for plain error the procedural component of the reasonableness of Daniels's sentence.   Daniels argues that abuse-of-discretion applies.   We need not resolve the question, or the ambiguity in the objection made before the district court, *see*

district court has "abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citations omitted).

**I.      Procedural Unreasonableness**

A district court commits procedural error when "it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Here, Daniels argues that the district court committed procedural error by failing to specifically address the reasons for imposing a five-year term of supervised release. We disagree.

A district court need not undertake to separately justify the reasons for imposing each part of a sentence. *See United States v. Williams*, 998 F.3d 538, 541 (2d Cir. 2021) ("Nothing in Section 3553(c) or our caselaw requires a district court to undertake a separate recitation of the basis for each part of the sentence imposed."). Moreover, we demand less specificity in the context of sentencings for violations of supervised release than in plenary sentencings. *See United States v. Verkhoglyad*, 516 F.3d 122, 132–34 (2d Cir. 2008). And we have often emphasized our aversion to requiring district courts to recite "robotic incantations" where a sentence has been adequately explained. *United States v. Brown*, 98 F.3d 690, 694 (2d Cir. 1996). Here, the district court made clear at sentencing for the violation that, in the circumstances, a

A107, because we conclude that the outcome would be the same even under the lower abuse-of-discretion standard.

within-Guidelines, top-of-the-range sentence was appropriate "[e]specially[] in view of the fact that [Daniels was] awaiting a manslaughter sentence in [the] state court." A106. This explanation was sufficient to explain both the term of imprisonment and supervision after Daniels committed an additional and serious crime only days after commencing supervision.

**II.     Substantive Unreasonableness**

A district court's sentence is substantively unreasonable where "[t]he length of a sentence is outside the range of permissible decisions . . . [and] affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Mumuni Saleh*, 946 F.3d 97, 107 (2d Cir. 2019) (internal quotation marks and citation omitted). We are guided by the "lodestar" of § 3553(a)'s parsimony clause, which requires that a district court impose a sentence that is "sufficient, but not greater than necessary, to comply with the factors set out in 18 U.S.C. § 3553(a)(2)—namely, retribution, deterrence, and incapacitation." *Id.* (citing *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014)).

We disagree that Daniels's sentence was substantively unreasonable because it had the effect of exposing him to simultaneous state and federal supervision. The relevant statute expressly contemplates dual supervision, and Daniels has described no unusual circumstances that would make federal, in addition to state, supervision substantively unreasonable as applied to him. *See* 18 U.S.C. § 3624 ("The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release . . . .").

                                   *     *     *

We have considered Defendant-Appellant's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk