United States v. Robinson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-three.

PRESENT:

**ROSEMARY S. POOLER,**
**RICHARD C. WESLEY,**
**MICHAEL H. PARK,**
*Circuit Judges.*

_____

**United States of America,**

*Appellee,*

v.

**Jeffrey Robinson,**                                    **22-835**

*Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR APPELLEE:** | KAITLIN TERESA FARRELL (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, N.Y. |
| **FOR DEFENDANT-APPELLANT:** | KENDRA L. HUTCHINSON, Federal Defenders of New York, Inc., New York, N.Y. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part and **REMANDED**.

Jeffrey Robinson pleaded guilty to coercion and enticement of a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b). Robinson admitted to using an online messaging website to instruct a thirteen-year-old girl to engage in sexual acts with an individual identified as her brother on video, which Robinson viewed in real-time and recorded on his computer. Robinson also admitted to traveling to the Philippines for the purpose of having sex with minors. The district court sentenced him to 168 months' incarceration and a lifetime of supervised release with special conditions. One of the special conditions stated that Robinson "is not to use a computer, Internet capable device, or similar electronic device to access pornography of any kind." App'x at A.177. On appeal, Robinson argues that (1) the life term of supervised release is substantively unreasonable, and (2) this Court should "strike the [special] condition of supervised release barring" him from electronic access to pornography "because the [district] court did not conduct an individualized assessment or make findings of fact to support this restriction." Appellant's Br. at 22. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Robinson never objected to the life term of supervised release or the electronic pornography ban, so this Court reviews for plain error. *United States v. Williams*, 998 F.3d 538, 540 (2d Cir. 2021).

**I.      Life Term of Supervised Release**

Robinson's life term of supervised release is not substantively unreasonable. A sentence is substantively unreasonable only if it "cannot be located within the range of permissible decisions." *United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019) (citation omitted). "Generally, we will only find substantive unreasonableness if the sentence is shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Id.* (cleaned up). While a "lifetime of supervised release is an extreme and unusual remedy," "cases in which life terms of supervised release have been affirmed have typically involved child pornography or violent crimes." *United States v. Brooks*, 889 F.3d 95, 101, 103 (2d Cir. 2018); *see also United States v. Hayes*, 445 F.3d 536, 537 (2d Cir. 2006) (affirming life term of supervised release on a similar fact pattern). The district court found the nature and circumstances of Robinson's offense "extremely serious" as it involved "the targeting of a young and vulnerable victim in another country via the internet." App'x at A.152. Given the seriousness of the offense and Robinson's repeated engagement in the offensive behavior, the life term is "clearly justified by the need to protect children." *Williams*, 998 F.3d at 542.

**II.     Special Condition Barring Electronic Access to Pornography**

We agree with Robinson that the district court failed to conduct the requisite "individualized assessment" in imposing this special condition. *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). "In general, a district court may impose special conditions of supervised

3

release that are reasonably related to certain statutory factors governing sentencing, involve no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing, and are consistent with pertinent Sentencing Commission policy statements." *United States v. Farooq*, 58 F.4th 687, 694 (2d Cir. 2023) (cleaned up); *see also* 18 U.S.C. § 3583(d)(1) (listing the factors to be considered by the sentencing court in imposing conditions of supervised release). Those statutory factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), as well as "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *id.* § 3553(a)(2). "A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it; the failure to do so is error. In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is self-evident in the record." *Betts*, 886 F.3d at 202 (citation and internal quotation marks omitted).

The district court did not state on the record any reason supporting the challenged special condition of supervised release. Nor is the district court's reasoning self-evident in the record. We thus vacate this special condition and remand for further consideration and explanation. *See, e.g.*, *United States v. Barden*, No. 22-492, 2023 WL 3487771, at *2 (2d Cir. May 17, 2023) (concluding that "the district court was . . . required to assess [the defendant's] individual circumstances and to explain its reasons for imposing" a special condition banning electronic access to adult pornography).

4

We have considered all of the parties' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part and **VACATED** in part with respect to the special condition of supervised release, and the case is **REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court