23-7717
*United States v. Blanding*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of December, two thousand twenty-four.

PRESENT:
> BETH ROBINSON,
> ALISON J. NATHAN,
> > *Circuit Judges*,
> VINCENT L. BRICCETTI,[*]
> > *District Judge*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                            No. 23-7717

FELIPE BLANDING, AKA SEALED DEFENDANT 7, AKA HUMP,

> *Defendant-Appellant*,

---

[*] Judge Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

JOSHUA MEREGILDO, AKA SEALED DEFENDANT 1, AKA KILLA, MELVIN COLON, AKA SEALED DEFENDANT 2, AKA MELLY, EARL PIERCE, AKA SEALED DEFENDANT 3, AKA SKEET BOX, NOLBERT MIRANDA, AKA SEALED DEFENDANT 4, AKA PAYDAY, LEBITHAN GUZMAN, AKA SEALED DEFENDANT 5, AKA LEVI, AUBREY PEMBERTON, AKA SEALED DEFENDANT 6, AKA AU, JAVON JONES, AKA SEALED DEFENDANT 8, AKA CAPO, DANTE BARBER, AKA SEALED DEFENDANT 9, AKA TAY, NATHANIEL FLUDD, AKA JUNTAO, ORFELINA BRITO, AKA BECKY, KEVIN PINERO, AKA SB, TOSHNELLE FOSTER, AKA TOSH, BERNARD FOLKS, AKA AKON, HASSEN BRITO, AKA 12, ENRIQUE BRITO, AKA 13, WALTER APONTE,

     *Defendants.**

---

| | |
|---|---|
| FOR APPELLANT: | Daniel M. Perez, Law Offices of Daniel M. Perez, Newton, NJ. |
| FOR APPELLEE: | Lisa Daniels, Nathan Rehn, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on November 1, 2023, is **AFFIRMED.**

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

Defendant-Appellant Felipe Blanding appeals from his sentence following his violating the terms of his supervised release. The district court sentenced Blanding to five years' imprisonment to be followed by five years of supervised release. On appeal, Blanding contends that the district court's imposition of a five-year term of supervised release was procedurally unreasonable, and that his sentence as a whole was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

In 2012, Blanding pled guilty to participating in a racketeering enterprise in violation of 21 U.S.C. § 1962(c), and conspiracy to distribute and possess with intent to distribute cocaine base and marijuana in violation of 21 U.S.C. § 846. He was sentenced to 135 months' imprisonment on each count to run concurrently, followed by five years of supervised release. The district court subsequently reduced Blanding's sentence to 121 months' imprisonment.

In May 2021, Blanding was released from custody and began his term of supervised release. In April 2022, Blanding was arrested by the New York Police Department after he pointed a loaded firearm at four victims during a road rage

incident.  Later that month, the Probation Office filed a petition alleging that Blanding had committed eleven violations of supervised release.

Blanding was also charged for multiple offenses in state court relating to the same conduct.  In January 2023, he pled guilty to criminal possession of a weapon in the third degree, in violation of N.Y.P.L. § 265.02(8), and the state court sentenced him to two years' imprisonment followed by two years of post-release supervision.

In October 2023, Blanding admitted four of the eleven alleged violations of his federal supervised release.  The district court sentenced him to five years' imprisonment with two years to run concurrently to the state sentence and three years to follow consecutively, followed by five years of supervised release.

We review a sentence for both procedural and substantive reasonableness under "a particularly deferential form of abuse-of-discretion review."  *United States v. Davis*, 82 F.4th 190, 195–96 (2d Cir. 2023); *see also United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005) (noting that sentences imposed for violating

4

terms of supervised release are reviewed under "the same standard as for

sentencing generally").[1]

Blanding argues that because the district court imposed the five-year term

of supervised release "without comment," it "failed to adequately explain the

chosen sentence." Appellant Br. at 17. He further argues that because neither

the government nor the Probation Office recommended a term of supervised

release, the district court "should have explained why additional supervised

release was warranted." *Id.* Because Blanding did not object when the court

imposed the term of supervised release, we review for plain error. *See United*

*States v. Williams*, 998 F.3d 538, 540 (2d Cir. 2021).

A district court's failure to adequately explain its sentence can render the

sentence procedurally unreasonable. *See United States v. Aldeen*, 792 F.3d 247, 251

(2d Cir. 2015) (stating that a sentence is procedurally unreasonable "if the district

court . . . fails adequately to explain the chosen sentence"), *superseded by statute on*

*other grounds as recognized in United States v. Smith*, 949 F.3d 60, 64 (2d Cir. 2020);

*see also* 18 U.S.C. § 3553(c) (requiring the sentencing court to "state in open court

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

the reasons for its imposition of the particular sentence . . .").  But we have held that a district court's "failure to separately explain the basis for the term of supervised release after discussing the [§] 3553(a) factors in imposing a term of imprisonment" does not constitute procedural error, *Williams*, 998 F.3d at 541, "unless retribution is the principal articulated basis for the sentence."  *Id.* at 542.

Here, the district court stated that it understood which statutory factors it could properly consider when sentencing for a violation of supervised release, noting that the factors set forth in 18 U.S.C. § 3583(c) are "different than the factors that the [c]ourt would consider under [§] 3553(a)."  App'x at 150.  The court explained that despite Blanding's pledge at the time of his initial sentencing, Blanding was not "changing his life."  App'x at 151.  It emphasized that Blanding's possession of a gun and ammunition in his sock and his knowingly driving in a car with an individual in possession of a firearm, all within less than a year of the beginning of his supervision "bespeaks of a serious breach of . . . trust."  *Id.* at 158; *see id.* at 152 ("Mr. Blanding's assertion that he wants to be a changed man is prov[]ably untrue. … [He] decided to acquire a handgun and have it loaded.").  The court was also concerned that, more than a "road rage incident," Blanding's action reflected a broader safety risk.  *Id.* at 151

6

(noting that he was "walking around and driving around and living a life with a loaded firearm" despite being on supervised release). *Id.* at 157–58. The district court's remarks reveal that in addition to retribution, the court was mindful of deterrence, public safety, and rehabilitative goals—including helping Blanding "chang[e] his life." *Id.* at 151. Moreover, the court explained that the sentence was designed "to achieve the purposes of the sentencing statute specific to terms of supervised release." *Id*. at 158. Those purposes include deterrence and protection of the public, but not retribution as such. *See* 18 U.S.C. § 3583(e). For this reason, we conclude the court did not commit plain error in failing to explain its decision to impose a five-year term of supervised release.

Turning to Blanding's argument that his sentence was substantively unreasonable, we consider the statutory sentencing factors in 18 U.S.C. § 3553. *See United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). Our deference to the district court's assessment "derives from a respect for the distinct institutional advantages that district courts enjoy over their appellate counterparts in making an 'individualized assessment' of sentence under 18 U.S.C. § 3553(a)." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *Gall v. United States*, 552 U.S. 38, 50–52 (2007)). "We will . . . set aside a

district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (emphasis in original).

Blanding argues that his sentence is substantively unreasonable because it is higher than his state court sentence for the same criminal acts that underlie his supervised release violations, higher than the Probation Office's original recommendation of twelve months' imprisonment, and higher than the United States Sentencing Guidelines range of six to twelve months' imprisonment.

We conclude that the district court's rationale for imposing a five-year term of imprisonment and five years' supervised release was reasonable.

First, with respect to the state sentence for the underlying crime, the district court emphasized that one purpose of the sentence for the supervised release violation is to address the breach of the court's trust—a purpose that is distinct from the purpose of sentencing for the underlying crime. *See* U.S.S.G. ch. 7, pt. A, introductory cmt. 3(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The state court sentence does not accomplish this goal.

Moreover, a district court's departure from the defendant's, government's, or Probation Office's recommendation does not render a defendant's sentence substantively unreasonable. *See*, *e.g.*, *United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (explaining that sentencing courts are not bound by government sentencing recommendations and affirming sentence above that recommendation).

Finally, a sentence above the Guidelines range is not necessarily substantively unreasonable. *See United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008) ("[I]n the great majority of cases, a range of sentences—frequently extending well beyond the narrow ranges prescribed by the Guidelines—must be considered reasonable."). Rather, we "must give due deference to the district court's decision that the § 3553(a) factors, on [the] whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. In its reasoning, the district court emphasized that Blanding possessed and brandished a loaded firearm within a year of having been released from a significant term of incarceration. The district court explained that this conduct is not only serious, but also a serious violation of the court's trust. On this record, we see no reason to second-guess the district court's assessment of the relevant factors in fashioning Blanding's sentence. *See Davis*,

9

82 F.4th at 200 ("We do not review a sentence's substantive reasonableness to substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case.").  Because the district court's decision fell "within the range of permissible decisions," we conclude that it was substantively reasonable.  *Cavera*, 550 F.3d at 189.

* * *

    Accordingly, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court