*United States v. Hayes*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand twenty-six.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                             No. 25-449

LERYCO HAYES, a.k.a. BIG BRO,

> *Defendant-Appellant.*\*

———————————————————

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Defendant-Appellant:  Melissa A. Tuohey, Office of the Federal Public Defender, Syracuse, NY.

For Appellee:  Rajit S. Dosanjh, Assistant United States Attorney, *for* John A. Sarcone III, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 20, 2025 judgment of the district court is **AFFIRMED**.

Leryco Hayes appeals from a judgment revoking his term of supervised release and sentencing him to a term of imprisonment of 366 days followed by a one-year term of supervised release after he violated the conditions of supervised release imposed in connection with his prior conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). On appeal, Hayes challenges the procedural reasonableness of his sentence, arguing principally that the district court (1) relied on a clearly erroneous fact, and (2) failed to adequately

2

explain the reasons for imposing the revocation sentence.[2] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

To the extent that Hayes is challenging his term of incarceration, that challenge is moot because he completed his prison sentence on or about August 1, 2025. "Article III . . . limits the federal judicial power to 'cases' and 'controversies.'" *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (quoting U.S. Const. art. III, § 2). This "case-or-controversy limitation . . . underpins both our standing and our mootness jurisprudence." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). And a case is moot if it is "impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted). Because we cannot reduce a prison sentence that has already been served, Hayes's challenge to his term of imprisonment is moot.

By contrast Hayes's attack on his twelve-month term of supervised release, which he is currently serving, survives. We therefore must reach the merits of that

_____

[2] While Hayes gestures at challenging the substantive reasonableness of his sentence by contending that his revocation term of imprisonment and term of supervised relief were "too long under the totality of the circumstances," Hayes Br. at 14, he provides no support for this assertion. Accordingly, we deem this challenge abandoned. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

question, which we review for plain error because Hayes did not object when his sentence was imposed. *See United States v. Williams*, 998 F.3d 538, 540 (2d Cir. 2021). "To establish plain error, the defendant must establish (1) error (2) that is plain and (3) affects substantial rights." *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007). Under that standard, both of Hayes's procedural challenges fail.

*First*, Hayes contends that the district court erroneously stated that his "time on supervision had been short-lived," Hayes Br. at 15, when in fact he had completed nearly three years of his original term of supervised release before that term was revoked in 2023. But the record is clear that Hayes tested positive for alcohol, marijuana, and cocaine within months of his release from prison in 2020, and that he engaged in a host of other, more serious violations before that term of supervised release was finally revoked in 2023. *See* App'x at 62–63. And after he commenced his second term of supervised release in December 2023, Hayes again violated the conditions of his supervision, this time a mere five months into his new term. *See id.* at 91. Given this history, which the district court clearly

4

understood, we cannot say that the district court mischaracterized the record or relied on a clearly erroneous fact when imposing its sentence.

*Second*, Hayes argues that the district court did not adequately explain the reasons for the sentence it imposed. "In reviewing the procedural reasonableness of a sentence," we consider "whether the district court committed a significant procedural error, such as failing to adequately explain the chosen sentence." *United States v. Rosa*, 957 F.3d 113, 117 (2d Cir. 2020) (internal quotation marks and ellipsis omitted). But while a district court is required to "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c), we have made clear that less specificity is required when sentencing for a violation of supervised release than at a plenary sentencing, *see United States v. Verkhoglyad*, 516 F.3d 122, 133 (2d Cir. 2008).

Here, the district court explained that it considered Hayes's violations to be "serious," and that Hayes had (1) a "criminal history Category [of] VI," (2) "continued to use both marijuana and cocaine," (3) "failed to comply with [his] curfew," and (4) "removed his tracking device and ignored multiple attempts to reach him." App'x at 142. The district court observed that "not know[ing] the whereabouts of an individual such as Mr. Hayes" poses "a threat to the

5

community." *Id.* The court also expressly emphasized that the conditions imposed were "reasonably related to the sentencing factors set forth in . . . [s]ections 3553(a)(1) and (a)(2)," and that the special conditions were imposed "*specifically*" due to Hayes's "personal and criminal history." *Id.* at 143 (emphasis added).[3] Given the court's explanation of why it imposed the revocation sentence, we see no error – never mind plain error – in its imposition of the twelve-month term of supervised release.

*     *     *

We have considered Hayes's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] While the district court noted that the special conditions imposed were "reasonably related to the sentencing factors set forth" in section 3553(a)(1) and (a)(2), App'x at 143, Hayes does not argue that the district court improperly considered the retributive purpose of section 3553(a)(2)(A) when imposing the revocation sentence, *see Esteras v. United States*, 606 U.S. 185, 203 (2025). Indeed, the record makes clear that the district court only considered the "*forward-looking* ends of sentencing" – that is, "deterrence, incapacitation, and rehabilitation." *Id.* at 196, 200.