*United States v. Kennedy*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-six.

PRESENT:

> ROBERT D. SACK,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                        No. 25-1076

JOSE CASTRO, a.k.a. PAPO, ALEX
MARTINEZ, a.k.a. A-ROD, KEVIN
HENDERSON, a.k.a. MIDNIGHT, JOSHUA
RICE, a.k.a. POP, CALVIN THOMAS, a.k.a.
FAT CAT, EARL MERCER, a.k.a. BIG
EARL, a.k.a. EARL THE PEARL, MARTY
KERLEW, a.k.a. CURLEY, KEYON TARVER,
JERMAINE NIBBS, a.k.a. LOLLIPOP, JAVIER
OLIVERA, VICTOR MOORE, CHARLES
WILLIAMS, RONALD BELL, ALFONSO
LEE, a.k.a. BLACK, ANTHONY GREGG, a.k.a.
BULL, AUSTIN HUGGINS, FRANK WRIGHT,
KASHIEF RICE, JAMES PERKINS, a.k.a. JIMBO,
JAIME MARTINEZ, CARLTON
SANDERLIN, a.k.a. MURDER, a.k.a.
CARLTON SANDERIN, RICHARDINE
PERRY, a.k.a. NIC, CHRISTOPHE MILLS,
LEWIS CLARKE, a.k.a. FROG, DANNY ZAITER,

*Defendants*,

JAMEL KENNEDY,

*Defendant-Appellant*.

_____

| **For Defendant-Appellant:** | Benjamin Gruenstein, Joseph B. Linfield, Martin Rather, Cravath, Swaine & Moore LLP, New York, NY. |
|---|---|
| **For Appellee:** | Lauren E. Phillips, Nathan Rehn, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 15, 2025 judgment of the district court is **AFFIRMED**.

Jamel Kennedy appeals from the district court's judgment revoking his term of supervised release and sentencing him to nine months' imprisonment, to be followed by an additional five-year term of supervised release. Kennedy argues that the district court procedurally erred when it relied exclusively on the "seriousness" of the conduct underlying his violation of supervised release in imposing the *new* term of supervised release, since that consideration is impermissible under 18 U.S.C. § 3583(c). Kennedy Br. at 9, 12. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

In reviewing a district court's sentencing decision, we ordinarily apply a deferential "abuse-of-discretion standard." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020). But things change where, as here, a defendant raises an objection on appeal that he failed to raise below. In that circumstance, we review the

3

sentence only for plain error. *Id*. To meet the plain error standard, a defendant must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights; and (4) the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019) (internal quotation marks omitted). As the Supreme Court has observed, "[m]eeting all four prongs is difficult, as it should be." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks omitted).

A sentence for a violation of supervised release is reviewed "under the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (internal quotation marks omitted). And "a sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C. §] 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *Smith*, F.3d at 66 (internal quotation marks omitted).

4

When imposing a term of supervised release, district courts must look to the factors set forth in section 3583 of Title 18, which in turn incorporates many of the factors set forth in section 3553. *See* 18 U.S.C. § 3583(c). Those section 3553 factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(a)(2)(D); *see United States v. Williams*, 998 F.3d 538, 541 (2d Cir. 2021). Notably, section 3583(c) does *not* include one of the factors contained in section 3553(a) – namely, consideration of "the seriousness of the offense" or "punishment for the offense." 18 U.S.C. § 3553(a); *see* 18 U.S.C. § 3583(c).

As the Supreme Court has noted, this omission means that a district court "may *not* take account of retribution" (*e.g.*, the "seriousness" of and "punishment for" the underlying criminal conviction) "when imposing a term of supervised release." *Tapia v. United States*, 564 U.S. 319, 326 (2011). It also means that, when a district court explains the reasons for its sentence, it should "separately state its

reasons for the term of supervised release" if it "bases a term of incarceration substantially upon the seriousness" of the underlying conviction, since that is a permissible consideration for a term of imprisonment but not for a term of supervised release. *Williams*, 998 F.3d at 538, 541–42.

Kennedy's sole argument on appeal is that the district court improperly relied on the "seriousness" of the conduct underlying his violations of supervised release to justify both his new term of imprisonment and his new term of supervised release. Kennedy Br. at 9, 12. He insists that such reliance runs afoul of the holdings in *Tapia* and *Williams*. We disagree.

Both *Tapia* and *Williams* involved plenary sentencings and turned on the text of section 3583(c) – or, more precisely, on section 3583(c)'s omission of the "seriousness-of-the-offense" factor contained in section 3553(a)(2)(A). *See Tapia*, 564 U.S. at 325–26; *Williams*, 998 F.3d at 540–42. But the "offense" alluded to in section 3553(a)(2)(A) refers *only* to the conduct underlying the original criminal conviction, not to the conduct underlying the violation of supervised release. *See United States v. Esteras*, 606 U.S. 185, 194 n.5 (2025) ("[Section] 3553(a)(2)(A) speaks only to 'offense,' and 'offense' here can mean only the underlying criminal conviction. . . ."). Thus, although the cases Kennedy cites would support his

6

appeal if the district court had discussed his underlying criminal conviction, they say nothing whatsoever about whether courts may consider the conduct underlying the violation of supervised release when fashioning a revocation sentence.

As it turns out, we have long recognized that district courts may consider the seriousness of the conduct underlying a violation of supervised release when imposing a new sentence following revocation. In *United States v. Ramos*, for example, we noted that, while "a sentence for a violation of supervised release should primarily sanction the defendant's 'breach of trust,' . . . this does not mean that a district court cannot consider the seriousness of the violation conduct. Of course it can." 979 F.3d 994, 1002 (2d Cir. 2020) (quoting *United States v. Edwards*, 834 F.3d 180, 194 (2d Cir. 2016)). Accordingly, the district court's consideration of the violent, criminal conduct underlying Kennedy's violations of supervised release (as well as the fact that he committed these violations after being ordered by the district court to have no contact with the victim) were clearly relevant facts for it to consider when fashioning a new term of supervised release. Section 3583(c) does not suggest otherwise.

It also bears noting that the district court discussed several factors specifically set forth in section 3583(c) when explaining the revocation sentence, including the new term of supervised release. *First*, the district court considered the rehabilitative purpose of the sentence, which would "help [Kennedy] curb the violence that we've seen and manage the anger, especially with respect to a domestic partner." App'x at 101. *Second*, the district court considered the "forward-looking" goals of the sentence, *Esteras*, 606 U.S. at 186 (emphasis omitted), including the need to specifically deter Kennedy from engaging in such conduct in the future. The district court expressly noted that the new sentence would require Kennedy to learn a "hard lesson" about the unacceptability of his behavior, and that this lesson was necessary for his reintegration into society. App'x at 102. And *finally*, the district court discussed the importance of protecting the public from additional acts of violence in the future, which the term of supervised release could help achieve by keeping Kennedy under the court's watchful eye and providing the court with tools to intervene should he violate again. *See United States v. Alvarado*, 720 F.3d 153, 158 (2d Cir. 2013) (noting that a term of supervised release can "provide an added measure of deterrence and protection [of the public]" (internal quotation marks omitted)); *Williams*, 998 F.3d

at 542 (noting that defendant's "term of supervised release . . . was clearly justified by the need to protect children").

Because the district court considered multiple factors under section 3583(c) for Kennedy's sentence, including those distinct from the seriousness of his conduct, it did not plainly err in imposing its term of supervised release. As we have stated, "once a district court has explained the basis for its sentence, [it] need not provide a separate basis for a term of supervised release." *Williams*, 998 F.3d at 542. And we have long recognized a far lower "degree of specificity" is required for sentencing after a violation of supervised release than for a sentencing after a conviction. *Smith*, 949 F.3d at 66. Here, the district court offered ample reasons for the term of supervised release that it imposed on Kennedy.

\* \* \*

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9