23-7070-cr
*United States v. Murray*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty-four.

Present:

> REENA RAGGI,
> WILLIAM J. NARDINI,
> > *Circuit Judges*,
> NATASHA C. MERLE,
> > *District Judge*.[1]

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 23-7070-cr

DAMON MURRAY,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | Michael Barnett, Jonathan Reiner, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Albany, NY. |
| For Defendant-Appellant: | James P. Egan, Assistant Federal Public Defender (Lisa Peebles, Federal Public Defender for the Northern District of New York), Syracuse, NY. |

---

[1] Judge Natasha C. Merle, United States District Judge for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Damon Murray appeals from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *District Judge*) entered on August 25, 2023, revoking his supervised release. Murray pleaded guilty in 2015 to one count of importing a controlled substance, in violation of 21 U.S.C. §§ 952 and 960(b)(3), and was sentenced to fifty-one months of imprisonment followed by six years of supervised release. He completed his custodial sentence and began his term of supervised release on July 19, 2019. Since that time, the district court has revoked his supervised release on three separate occasions after finding that he had violated the conditions of his release. Most recently, in August 2023, Murray pleaded guilty to two violations—engaging in illegal drug use and violating the rules of his halfway house—for which he was sentenced to nine months of imprisonment and an additional three years of supervised release. Murray now appeals that sentence, arguing that the district court's imposition of a new term of supervised release was both procedurally and substantively unreasonable. We assume the parties' familiarity with the case.

"Sentences for violations of supervised release are reviewed under the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018).[2] We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020).

---

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

## I.     Procedural Reasonableness

Murray first argues that the district court procedurally erred by relying on an unproven allegation of criminal conduct—specifically, that he committed petit larceny under New York law by stealing items worth approximately $565 from a Home Depot—as a basis for imposing the three-year term of supervised release. We review this argument for plain error because Murray did not raise it at sentencing. *See Smith*, 949 F.3d at 66. To establish plain error, Murray must show that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020).

A district court commits procedural error when it "rests its sentence on a clearly erroneous finding of fact." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). We will conclude that "[a] finding of fact is clearly erroneous only if, after reviewing all of the evidence, this Court is left with the definite and firm conviction that a mistake has been committed." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015). Put differently, so long as the "district court's account of the evidence is plausible in light of the record viewed in its entirety," we "may not reverse" the district court even if we "would have weighed the evidence differently" as the trier of fact. *United States v. Cho*, 713 F.3d 716, 722 (2d Cir. 2013) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985)). Based on our review of the record, we see no basis for concluding that the district court's decision to impose a three-year term of supervised release rested on a clearly erroneous factual basis.

The Probation Department's petition to revoke Murray's supervised release for the third time alleged that Murray had committed three violations: (1) illegal drug use, (2) failure to obey

3

the rules of his halfway house, and (3) the commission of a new crime—the alleged theft from Home Depot. Murray pleaded guilty to the first two violations, but not the third, which the government moved to dismiss at sentencing. Although neither party sought a new term of supervised release, the Probation Department advocated for additional supervision, citing, among other reasons, the alleged theft. In explaining its reasons for ordering additional supervision, the district court stated, "[W]hen you are using cocaine, you are a danger to the community. You steal. You've stolen guns while you're under the influence." App'x 99. Pointing to the Probation Department's citation to the alleged theft, Murray argues that the district court's assertion that he steals when using drugs indicates that the district court relied on that allegation. That reliance was erroneous, he further argues, because the allegation was "unproven and unsupported." Appellant's Br. 11. He contends that the petition does "not even mention . . . an arrest or formal charge" and "provides no information that might allow a court to find, even by a preponderance of the evidence, that [he] committed the alleged offense."[3] Appellant's Br. 12–13. This line of argument is unavailing.

Murray offers—and we discern—no basis to conclude that the district court relied on the alleged Home Depot theft in determining the sentence. Immediately after stating that Murray "steal[s]," the district court noted that Murray had "stolen guns while . . . under the influence." App'x 99. That comment was apparently in reference to his December 2010 conviction for third-degree burglary, which resulted from his theft of four firearms, among other items, while he was admittedly drunk and high. At no point did the district court refer to the alleged Home Depot theft,

---

[3] The petition cites "[p]olice records and officer testimony" as evidence that the alleged offense occurred, but it does not attach or detail the substance of those records. App'x 82. Nonetheless, for the reasons set forth below, the absence of corroborating documentation is not dispositive here.

4

except to dismiss the violation relating to that alleged offense. Murray has thus failed to establish that the district court committed any procedural error.

## II.        Substantive Reasonableness

Murray also argues that the district court's decision to impose a new, three-year term of supervised release was substantively unreasonable. When reviewing a sentence for substantive reasonableness, we analyze the "totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016).[4] "A sentence is substantively unreasonable if it cannot be located within the range of permissible decisions, if it shocks the conscience, or if it constitutes a manifest injustice." *United States v. Williams*, 998 F.3d 538, 542 (2d Cir. 2021).

Murray challenges the substantive reasonableness of his sentence on two grounds. First, he contends that because prior terms of supervision had failed to result in his rehabilitation from substance abuse, additional supervision would obviously be futile, such that "its only purpose could be to punish [him] for his substance abuse failures." Appellant's Br. 16–17. Second, he contends that his "perceived dangerousness cannot bear the weigh[t] assigned it by the district court" because the latest evidence to support the district court's concern about his propensity to steal while using drugs comes from 2010 and is too distant to support the sentence. *Id.* at 17. Neither argument is persuasive.

---

[4] Murray did not challenge the substantive reasonableness of his sentence before the district court. Although, as noted above, this Court applies plain error review to unpreserved challenges to the procedural reasonableness of a sentence, *see, Smith*, 949 F.3d at 66, we have not decided whether that standard also applies to unpreserved substantive challenges, *see United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). We need not resolve that question here, because Murray's challenge fails even under the less rigorous abuse-of-discretion standard.

The district court did not abuse its discretion by considering Murray's continued need for substance abuse treatment as a basis for additional supervised release. As Murray himself acknowledges in his brief, we have recognized that district courts "may use supervised release to attempt to rehabilitate individuals who suffer from an addiction and who have already violated the drug-related terms of their supervised release." Appellant's Br. 16 (quoting *United States v. Sheldon*, No. 21-2510, 2022 WL 2057571, at *3 (2d Cir. June 8, 2022) (summary order), which in turn cites *Brooks*, 889 F.3d at 102–03). While the district court here acknowledged that Murray had already had "more drug treatment . . . than most people have in [their] lifetime," it clearly thought that rehabilitation was still possible, because it again ordered him to participate in a substance abuse program. App'x 100–02. And for the purpose of assisting his rehabilitation efforts, the district court also ordered him to refrain from alcohol and marijuana and to participate in a mental health program. *Id.* at 102–03. The fact that Murray failed to achieve lasting sobriety during previous terms of supervision does not render the district court's sentence substantively unreasonable. *See United States v. Leon*, 663 F.3d 552, 555 (2d Cir. 2011) (stating that "defendant's violation of the terms of his supervised release 'tends to confirm the judgment that help was necessary, and if any prisoner might profit from the decompression stage of supervised release, no prisoner needs it more than one who has already tried liberty and failed'" (quoting *Johnson v. United States*, 529 U.S. 694, 709 (2000))); *see also Brooks*, 889 F.3d at 103 (explaining that "cases are legion" in which individuals struggling with drug addiction who have "repeated" drug violations are sentenced to terms of supervised release).

Nor did the district court abuse its discretion by determining that Murray presented a danger to his community based on his 2010 burglary conviction, which involved the theft of firearms while he was under the influence of drugs and alcohol. Murray's suggestion that the 2010

conviction is stale evidence of his propensity to steal while under the influence of drugs has little purchase given that Murray was either on probation, on supervised release, or in custody for a substantial portion of the years between that conviction and the sentencing at issue here.

Considering Murray's long struggle with addiction, his repeated violations of the conditions of his release, and the relationship between his drug abuse and his other criminal activity, the district court's decision to impose additional supervision for three years was substantively reasonable.

*    *    *

We have considered Murray's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk